## VINCENT v. SHERWOOD.

1. REPLEVIN—MORTGAGES—RES JUDICATA.

In replevin for mortgaged chattels, the following facts appeared: That one H., to whom the mortgage was given, which purported to be security for H.'s indorsement of defendant's note, had some time previously petitioned the court asking that an injunction theretofore obtained by plaintiff, who held a mortgage on defendant's real estate and was the payee in the aforesaid note, restraining defendant from cutting timber on the mortgaged premises, be modified to the extent of allowing sufficient to be cut to pay the said note; that the court refused to modify the injunction, but ordered H. to assign the chattel mortgage to plaintiff, whom he subrogated to all the rights of H. therein, and directed plaintiff to sell the property, and release H. to the extent of the amount realized; that defendant thereupon filed a petition to have the order vacated on the grounds, among others, that he (defendant) was interested in the proceedings, and had had no opportunity to be heard, that plaintiff had agreed that defendant might cut and sell the timber, and that the mortgage to H. was to indemnify him against loss should defendant fail to apply on the note the proceeds of the sales; that the defendant's petition was denied by the circuit judge; and that no appeal was taken. *Held*, that the questions involved in the proceedings in equity were *res judicata*.

2. SAME—DAMAGES.

It appearing that the property taken on the writ had been sold for less than the amount of the lien which plaintiff held in right of H., a verdict for six cents damages was properly directed in his favor.

Error to Ionia; Davis, J.   Submitted June 15, 1898.
Decided July 18, 1898.

Replevin by William Vincent against Josiah W. Sherwood and Eliza S. Sherwood.   From a judgment for plaintiff on verdict directed by the court, defendants bring error.   Affirmed.

*John Nichol,* for appellants.

*F. E. Withey,* for appellee.

LONG, J.   Action of replevin, in which the court below directed verdict in favor of plaintiff for six cents damages. Defendants bring error.

It appears that in December, 1893, the defendants were the owners of 159½ acres of land in Ionia county.   They employed C. E. Temple, a real-estate agent, to borrow $7,000 upon said real estate.   Temple applied to the plaintiff for money, and he furnished it, a part being paid, and the balance put into the bank in escrow, to be delivered when required.   This loan was being made for the purpose of taking up two mortgages existing on the property,—one for $5,400, and one for $2,100,—both of which had been foreclosed, and the period of redemption nearly expired.   The $7,000 being insufficient to take care of both these mortgages, Temple, as agent for defendants, applied to plaintiff for a further loan of $500, either as an addition to the first mortgage or with a second mortgage on the same property as security.   Plaintiff refused both these propositions, upon which Temple made application to Royal A. Hawley, of Ionia, to assist in the matter. Hawley signed two promissory notes, one for $225, and one for $275, with defendant Sherwood, both notes being made payable to the plaintiff.   To secure Hawley for these indorsements, the defendants gave him a chattel mortgage of $500 on a quantity of personal property; and, as additional security, they transferred their equity of

redemption in 59½ acres of the lands above mentioned. The moneys obtained on these two notes to plaintiff were used in paying up the former mortgages, paying costs, etc.

A short time after giving these notes, mortgage, and deed, Sherwood commenced cutting timber on the lands. The plaintiff thereupon, as mortgagee, obtained an injunction from the Ionia circuit court, in chancery, restraining Sherwood from cutting timber. Hawley thereafter filed a petition asking to have said injunction modified to the extent of allowing sufficient timber to be cut to pay the $500 notes. Plaintiff thereupon filed a petition praying that Hawley be ordered to exhaust his chattel-mortgage security, or that he (plaintiff) be subrogated to all the rights of Hawley in the mortgage. Evidence was taken on the petitions; and the court refused to modify the injunction, but ordered Hawley to assign the chattel mortgage to plaintiff, and subrogated plaintiff to all the rights of Hawley therein, and directed that upon such assignment plaintiff be empowered and authorized to sell sufficient of the property to satisfy the expenses of sale and the amount due on the notes, and release Hawley from liability in so far as the amount realized should pay the notes. After the assignment of the mortgage to plaintiff, he, acting under the order of the court and in accordance therewith, demanded the personal property covered by the mortgage from the defendants; and, on their refusal to surrender it, he brought this action of replevin, took possession of the property, and sold it.

Defendants petitioned the court to set aside the order directing the assignment of the mortgage to plaintiff. This was denied by the court. The assignment of the mortgage from Hawley to plaintiff recites: "This assignment is made in order to comply with an order of the circuit court for the county of Ionia, in chancery, made the 13th day of September, 1894." Upon the refusal of the court to set aside the order directing this assignment, an application was made to this court for a *mandamus* to

compel the court below to set the order aside.    On the hearing in this court, the writ of *mandamus* was denied, on the ground that appeal was the proper remedy.    *Sherwood* v. *Ionia Circuit Judge*, 105 Mich. 540.

Upon the trial of the replevin case, the defendants sought to show:

1. That they had no notice or knowledge of the hearing on the petitions of Hawley and plaintiff, and no opportunity to be heard.

2. That the chattel mortgage on which the suit was brought was not given on the conditions and terms of the notes offered in evidence, but was in fact given for the purpose of guaranteeing the honest use of the money received from the timber; and the circumstances under which the mortgage was given, and the real consideration therefor.

3. That a large portion of the personal property covered by the mortgage in question was the sole property of Mrs. Sherwood, and the debt was not her debt.

4. That the plaintiff had told Mr. Sherwood that Temple was his agent, and that any arrangement he made with Temple would be all right and satisfactory to him.

5. That there was an agreement with plaintiff that defendants should have the right to cut timber.

The court held that these defenses could not be made, for the reason that all these questions had been settled in the former proceedings, and that case was *res adjudicata.*

In this the court was not in error.    The court of chancery had jurisdiction to pass upon these questions.    *Bigelow* v. *Booth*, 39 Mich. 622; *Crittenden* v. *Schermerhorn*, Id. 661 (33 Am. Rep. 440); *Reeg* v. *Burnham*, 55 Mich. 39.

In *Huyck* v. *Graham*, 82 Mich. 353, it appeared that a sale had been made in foreclosure proceedings, and that the defendant, upon a bill filed by him to set aside the sale for defects in the notice, had been given the right to redeem on paying the amount actually due, which he failed to do, and summary proceedings were brought against him to recover possession of the premises.    It was said:

"The decree did not provide for a resale upon failure to

redeem, and in this respect was not in accordance with the established practice; but the defendant seems to have been satisfied with it. Whether it was such a one as he asked for does not appear. It is fair to presume that it was, for it nowhere appears that he objected to it, and he did not appeal. The decree is therefore binding upon him. Were he dissatisfied with it, he should have appealed, and had his rights determined and the error corrected in that suit. He cannot now be heard to attack it collaterally. *  *  * The court in the chancery proceedings had jurisdiction of the parties and the subject-matter, and, though the decree be erroneous, it is binding upon both parties until set aside."

In the present case the parties sought to set the order aside in a *mandamus* proceeding, and failed because appeal was the proper remedy. They were notified of that fact by the order of this court, and yet took no appeal. In this collateral proceeding they now seek to have the order made set aside. If an adjudication is once had, and the court had jurisdiction, and any question respecting it arises afterwards in a collateral suit, the adjudication will be held conclusive. *Jacobson* v. *Miller*, 41 Mich. 94. The exact points now sought to be raised were involved in the former order of the court; and, on the facts, the court found that the plaintiff was entitled to have the mortgage assigned to him for the purpose of foreclosure; that he should foreclose it, and protect Hawley on the notes. This was done.

But one other question is raised which needs consideration. It is claimed that the court was in error in directing the verdict for plaintiff for six cents damages. There would be some force in this claim if the property had sold for an amount larger than the plaintiff's claim, as he had a lien on it only for the amount of his mortgage of $500. But counsel for defendants in his brief admits that it was sold for only $119, and bid in by plaintiff.

The judgment must be affirmed.

The other Justices concurred.