O'CONNOR v. WHITE.

1. SUMMARY PROCEEDINGS — COMMISSIONER'S JUDGMENT — REVIEW ON CERTIORARI.

On *certiorari* to review a commissioner's judgment in summary proceedings to recover possession of land, the questions of fact are not open for review, the case being reversible only for errors of law apparent on the face of the return.

2. LANDLORD AND TENANT—RENT DUE—GARNISHMENT.

In view of 1 Comp. Laws 1897, § 1009, suspending a creditor's right of action for money garnished during the pendency of the proceedings, a landlord is not entitled to sue to recover possession of leased premises for nonpayment of rent during the pendency of garnishment proceedings against the tenant by the landlord's creditor.

3. SAME—HOMESTEAD EXEMPTION—NOTICE TO TENANT.

The suspension of the landlord's right of action is not affected by the fact that the tenant withheld the rent pending garnishment proceedings after notice that the landlord claimed it to be exempt as the proceeds of his homestead.

4. SAME—COLLUSION WITH CREDITOR.
> And the fact that the tenant informed the plaintiff in garnishment of his indebtedness to the landlord, and acted in collusion with him to enable him to collect his debt, is also immaterial.

Error to Kent; Adsit, J. Submitted April 12, 1900. Decided May 2, 1900.

Summary proceedings by Catherine O'Connor against James White to recover the possession of leased premises. From a judgment for complainant, defendant brings error. Reversed.

*Lombard & McAllister*, for appellant.

*Nathan P. Allen* (*E. C. Watkins*, of counsel), for appellee.

HOOKER, J. The defendant rented premises from the complainant at five dollars per month. When the March rent became due, he was garnished at the suit of a judgment creditor of complainant. The complainant thereupon served the statutory notice, and began proceedings before a commissioner to recover possession of the premises for nonpayment of rent pending the garnishee proceeding; and the commissioner rendered judgment of restitution, which was affirmed on *certiorari* by the circuit court.

The circuit court seems to have treated the case as one to be heard *de novo* upon its merits, on the evidence returned by the commissioner, and accordingly filed a finding of fact and law. Our understanding is that this is not a proper practice. The decision of the commissioner upon controverted questions of fact is final, and cannot be reviewed, and the case can only be reversed for errors of law apparent upon the face of the return.

The garnishee proceedings appear to have been regular, and the complainant was apprised of them. She had notice of similar proceedings on one if not two prior occa-

sions, and neglected to defend them, and was informed of this. The contention of her counsel appears to be that it was the defendant's duty to disregard the garnishee proceedings and pay the rent, and that, failing to do that, he was subject to ouster. The statute (1 Comp. Laws 1897, § 1009) suspends a creditor's right of action for money garnished during the pendency of the proceedings, and we think that this statute should be construed to apply to actions of this kind, where the failure to pay rent is excused by garnishment.

The commissioner held otherwise in this case, upon the ground that "the indebtedness sought to be reached through garnishment was the rental of a homestead, and exempt from execution, and that the same could not be impounded or held under garnishment proceedings during the pendency of the same." This is fallacious. The affidavit gave the justice jurisdiction in the garnishment case. Before it could be determined what the indebtedness was for, and whether subject to garnishment or not, a trial was necessary; and, when determined, the decision would be final, unless appealed from, not only against the garnishee, but the principal defendant also, if reasonably notified of the proceedings. The statute does not require the garnishee defendant to correctly determine in advance the question of liability, at his peril.

The learned circuit judge, in his finding of fact, found that the defendant had notice of the complainant's claim that the rent was exempt, and acted in collusion with the plaintiff in the garnishee proceedings. We do not discover that the commissioner acted upon any such conclusion, and it would make no difference if he did. A debtor has a right to inform another of his indebtedness, and his motive in doing so is unimportant. There is no legal obligation arising from his relation to Miss O'Connor to keep the fact from her creditors, or to prevent him from aiding them to secure their claim against her by information of the fact. He did not conceal from her the pendency of the proceedings, and, while the disclosure does

not show it, there is no reason to believe that complainant's claim that the money was exempt was concealed.

There seems to have been a *bona fide* claim on the part of Miss O'Connor's creditor that this rent was subject to garnishment, and he may be right about it.    Her policy appears to be not to litigate that question directly, but to drive the garnishee defendant into the alternative of taking the risk of the litigation himself, or vacating the premises.    The comments of counsel about the property of Miss O'Connor, and the oppression of counsel in compelling her to litigate to pay a debt admittedly just, and the implication that the magistrate would give her no chance, are out of place in the brief, as they furnish no aid in solving the questions of law upon which the case must turn.    Her honest debt could doubtless have been paid for a moiety of the expense of this litigation.

The judgments of the circuit court and of the commissioner are reversed, with costs of all courts.

The other Justices concurred.