WILCKE v. DUROSS.

1. JUDGMENT—EQUITABLE RELIEF—JURISDICTIONAL DEFECT—LACK OF SERVICE.

Where, in a suit in justice's court, process was by mistake served upon defendant's daughter of the same name, instead of upon defendant, and defendant did not appear, the judgment founded thereon is void, and is properly set aside in chancery, though defendant knew of the mistaken service on the day it was made, and was kept advised by counsel of the progress of the case.

2. EQUITY—JURISDICTION—AMOUNT INVOLVED—LIEN ON LAND.

Chancery has jurisdiction to set aside a judgment and execution for less than $100 where the execution has been levied and constitutes a lien on land of much greater value.

3. CERTIORARI — PROPRIETY —JUSTICE'S JUDGMENT — SERVICE ON
   WRONG PERSON.
    Certiorari is not appropriate to review a justice's judgment,
    founded on process mistakenly served on defendant's daugh-
    ter of the same name, since the return could not show the
    defect.

4. EQUITY—COSTS—DISCRETION OF COURT.
    Complainant in a bill to set aside a judgment will be allowed
    only actual disbursements, where she had actual knowledge
    of the mistake in serving process which invalidated the judg-
    ment, and though she did not appear, was kept fully advised
    of the progress of the case, and made no objection until a
    transcript had been filed in circuit court and levy made on
    her real estate.

Appeal from Wayne; Mandell, J. Submitted Febru-
ary 14, 1906. (Docket No. 171.) Decided May 24, 1906.

Bill by Lucy Wilcke against Joseph Duross and Henry
Weber, copartners as Duross & Weber, and Henry A.
Dickson, sheriff, to set aside a judgment and execution.
From a decree dismissing the bill, complainant appeals.
Reversed, and decree entered for complainant.

*Emil W. Snyder*, for complainant.

*Haug & Yerkes*, for defendants Duross and Weber.

MONTGOMERY, J. The defendants Duross and Weber
instituted a suit in justice's court to recover of complain-
ant a demand of $65.47. A return of a constable showed
service upon complainant. Duross and Weber proceeded
to take judgment for their claim and costs, and later took
a transcript to the circuit court, caused execution to be
issued, and placed in the hands of defendant Dickson, as
sheriff, who levied the same upon property of complainant
of the value of $2,000 or more. Complainant thereupon
served notice on Duross and Weber, and also upon the
sheriff, stating that the judgment was void for the want
of personal service upon her.

Complainant soon after filed this bill setting up the
above facts, and also that she had a just and meritorious

defense to the claim of Duross and Weber as she was advised by counsel. She prayed that the judgment be set aside and for general relief. An issue was made upon the question of service, and the answer also contained a demurrer clause.

The circuit judge in his opinion found the facts as follows:

"Through error on the part of the constable, the summons of the said cause was served upon the daughter of the said complainant, a person by the same name as the complainant. The complainant was informed by her daughter of the service upon her of the said summons on the evening of the service thereof. It appears that the complainant consulted with an attorney, and was advised to pay no attention to the said suit. Complainant was kept advised of the progress of the suit by the attorney; knew of its pendency, and knew that judgment had been entered against her, and took no steps whatever to protect her rights or guard her interests. Some time during the fall of 1904 levy was made upon her real estate in the city of Detroit, and she thereupon filed this bill:"

but refused relief on the authority of *Finn* v. *Adams*, 138 Mich. 258.

The circuit judge in applying that case proceeded upon the understanding that the judgment there involved was void. This is a mistake. That judgment was admittedly good at law, and it was sought to set up equitable grounds of attack. In this case no jurisdiction was obtained to render judgment as against complainant. That a remedy exists in equity to relieve against such a judgment in a proper case cannot be doubted. 2 Freeman on Judgments (4th Ed.), § 495.

The objection that $100 is not involved is answered by the fact that one purpose of the bill is to relieve property of much greater value from a cloud. *Matteson* v. *Matteson*, 132 Mich. 516.

Certioiari would not have been an appropriate remedy, as no return would have disclosed the true facts. *O'Connor* v. *White*, 124 Mich. 22.

The complainant was entitled to relief. The testimony shows, however, that complainant knew of the service on her daughter on the day it was made, that an attorney was consulted on her behalf at once, and that instead of appearing and making objection she permitted the case to proceed to judgment, and permitted the transcript to be sued out, and permitted the levy to be made before taking any proceedings. While we cannot say that she by her inaction conferred jurisdiction upon the justice, we do hold that when one voluntarily chooses a remedy which is designed or the necessary effect of which is to impose large costs upon his adversary, when a simple, inexpensive remedy is open, the court will, in the exercise of its discretion as to costs, take into account the oppressive conduct of the complainant.

The decree will be entered for complainant, but without costs of the lower court, and for actual disbursements only in this court, exclusive of a solicitor's fee.

McAlvay, Grant, Blair, and Moore, JJ., concurred.