WEISMAN *v.* NEWTON BEEF CO.

1. JUDGMENTS—EQUITABLE RELIEF—WHEN GRANTED—DILIGENCE.
   A bill to set aside a judgment must show that complainant has
   been diligent in prosecuting his remedy at law, and if it ap-
   pears that he had the opportunity to interpose his defense at
   law and failed to avail himself of it equity will not interfere.

2. SAME—NEGLECT OF ATTORNEY.
   The neglect of one's attorney, to whom he intrusted his defense
   to a suit at law, will not avail to set aside the judgment ren-
   dered against him.

3. SAME—JUSTICE'S JUDGMENT—DILIGENCE.
   Complainant handed a justice's summons to his attorney, re-
   questing him to represent him, and before the return day the
   attorney verbally arranged with plaintiff's attorney to ad-
   journ the cause one week without pleadings. Plaintiff's
   attorney neglected to inform his clerk of the arrangement,
   and the clerk appeared on the return day and took judgment.
   Neither complainant or his attorney paid any further atten-
   tion to the case until the judgment had been docketed in the
   circuit court and execution issued, when a bill was filed to
   set the judgment aside. *Held*, that complainant was not en-
   titled to relief, since it was his or his attorney's duty to
   appear upon the adjourned day, and if either of them had
   done so the judgment might have been set aside on consent,
   or complainant might have applied to the circuit court for
   leave to appeal.

Appeal from Wayne; Donovan, J. Submitted Octo-
ber 9, 1908. (Docket No. 10.) Decided November 2,
1908.

Bill by Isadore Weisman against the Newton Beef Com-
pany to set aside a judgment and execution. From an
order overruling a demurrer to the bill, defendant appeals.
Reversed, and remanded.

*Adam E. Bloom*, for complainant.

*May & Dingeman*, for defendant.

The purpose of this suit is to set aside a judgment (and execution issued thereon) rendered in justice's court against complainant in favor of defendant, and to obtain a new trial. The bill alleges that the defendant company brought suit by summons February 7, 1907, returnable February 19th. Complainant handed the summons to his attorney, William P. Corbett. The day prior to the return day Mr. Corbett called up Mr. Groesbeck, the attorney for the company, by telephone, and asked that the case be adjourned one week without pleadings. Mr. Groesbeck assented and promised to inform his clerk and instruct him to appear on the return day, and have the case adjourned one week. Mr. Groesbeck forgot to notify his clerk, who appeared in court on the return day and took judgment. Shortly after, but just when is not alleged, a transcript of the judgment was filed in the circuit court and execution issued. The sheriff called upon complainant immediately thereafter with said execution and informed him that he was ready to make a levy; thereupon complainant instituted this suit for the purpose above stated. Attached to the bill of complaint is the affidavit of Mr. Groesbeck admitting the arrangement and his forgetfulness to instruct his clerk; also the affidavit of Mr. Corbett stating that the arrangement was that the case should be adjourned "one week, namely, from February 19th to February 26th." To this bill the defendant interposed a demurrer, which was overruled.

Grant, C. J. (after stating the facts). He who invokes the aid of a court of equity to set aside a judgment rendered against him in a court of law must show by his bill that he has been diligent in prosecuting his remedy at law. If he had the opportunity to interpose his defense at law and failed to avail himself of it, a court of equity will close its door to him.

Complainant does not allege that he was not informed by his attorney of the date of adjournment, and the affidavit of his attorney is entirely silent upon this point. If,

however, his attorney failed to notify him and he relied upon his attorney to attend to the suit and his attorney neglected it, the client alone, so far as the opposite party is concerned, is responsible for the negligence of his attorney. *Foster* v. *Wiley*, 27 Mich. 244; *Clark* v. *Ewing*, 93 Ill. 577. Neither the company nor its attorney were under any obligation to notify complainant or his attorney of the adjourned day. It was the duty of the defendant in that suit and his attorney to appear in the justice's court on the adjourned day, the 26th. Had either of them performed this duty, the complainant would have had ample time either to have had the judgment set aside by consent, or, failing in that, to have applied to the circuit court under the statute for leave to appeal. Under the allegations of the bill, the company could have taken judgment by default on the adjourned day, for complainant was not present to make defense. Complainant paid no attention to the suit against him for nearly three months, and not until an execution was presented to him. He proffers no excuse for his neglect, neither does his attorney. He therefore has no standing in a court of equity, for he has not been deprived of his remedy at law by the fraud of the opposite party, or by accident or mistake, unmixed with fault or negligence on his own part. *Kelleher* v. *Boden*, 55 Mich. 297; *Gray* v. *Barton*, 62 Mich. 196; *Valley City Desk Co.* v. *Insurance Co.*, 143 Mich. 468; *Hiles* v. *Mosher*, 44 Wis. 601.

Decree reversed, with costs of this court, and case remanded for further proceedings.

BLAIR, MONTGOMERY, OSTRANDER, and MCALVAY, JJ., concurred.