KRAMER *v.* SCHULTE.

JUDGMENTS—EQUITABLE RELIEF—JUSTICE'S JUDGMENT—DILIGENCE —SUFFICIENCY.

A bill to restrain the enforcement of a justice's judgment rendered by default, which states that after appearance complainant entrusted the management of the case to his attorney, and upon information and belief that the attorney was mistaken as to the date of the adjournment, states no case for equitable relief.

Appeal from Wayne; Donovan, J. Submitted October 12, 1908. (Docket No. 40.) Decided November 30, 1908.

Bill by George E. Kramer against Caspar H. Schulte to restrain the collection of a judgment. From an order sustaining a demurrer to the bill, complainant appeals. Affirmed.

*James J. McCann,* for complainant.

*Daniel P. Cassidy,* for defendant.

MOORE, J. The bill in this cause is filed to restrain the collection of a judgment alleged to have been obtained by fraud and improper conduct on the part of defendant, and because it is unconscionable. Amendments to the bill of complaint were offered later, and for the purposes of this case we shall treat the bill as though amended. A demurrer was interposed and sustained. The demurrer is based upon the claim that the bill of complaint does not show that complainant had no opportunity to make his defense to said suit, or that he was prevented from making his defense by accident, or by fraud or improper conduct of defendant, and that complainant was without fault on his own part, and for the further reason that said judgment was legally rendered after due service of the summons issued therein; that complainant was repre-

sented by counsel and duly appeared, and procured several adjournments, and no appeal was taken. The bill avers that on October 31, 1906, Caspar H. Schulte began a suit before a justice of the peace against the complainant, by summons; that on the return day of the summons both plaintiff and defendant appeared by their attorneys; that defendant therein also appeared personally, and thereafter the defendant left the conduct of his case entirely with his attorney; that said cause was adjourned from time to time, until January 10, 1907, when a judgment by default was rendered against defendant; that defendant, Kramer, called on his attorney during the progress of the suit, and was assured by him that everything was all right, and that the attorney would notify defendant when to appear for trial; that a transcript of said judgment was filed in the circuit court on March 25, 1907, an execution issued and a levy made on certain property belonging to the defendant. The bill of complaint sets forth that complainant did not learn of the judgment until April 1, 1907, when he called on his attorney, and was informed that a judgment was rendered on January 10, 1907. It further avers that about April 6, 1907, complainant filed a petition in the circuit court for leave to appeal from said judgment, which petition was denied on June 10, 1907. The amendment adds:

"And your orator avers that he depended entirely upon the said promise of his attorney that he would give your orator notice when to appear for trial of said cause, and that your orator never received any notice or information from his said attorney concerning said suit, or anything else until about April 1, 1907, nor any information concerning said suit from any other source until about said April 1, 1907; and your orator avers, upon information and belief, that his said attorney's nonappearance in said justice's court when said judgment was taken was due to a mistake on his part as to the time to which said cause was last adjourned; that said defendant is a brother-in-law of your orator, and all the time said suit was pending, and ever since, has lived near your orator, and frequently saw your orator during the time said suit was

pending, and up to said April 1, 1907, and purposely and fraudulently concealed from your orator the fact of his taking said judgment, and purposely and fraudulently made no effort to collect said judgment until a considerable time after the taking of said judgment in order that he might be able to make your orator appear as negligent of, and sleeping on, his rights so that a court of equity would not grant him relief when your orator discovered the fraud consummated by said defendant by the taking of said judgment, and your orator avers that so many adjournments were requested and had by said defendant in order that he might catch your orator, or his attorney, off his guard, in which he eventually succeeded."

It will be observed that the statement of the reason of the nonappearance of his attorney is made upon information and belief. While the bill of complaint states that the plaintiff in the suit in justice's court frequently saw complainant, and that he purposely and fraudulently concealed the fact that he had taken judgment, it does not appear that any inquiry was made of him by complainant, or that he misled the complainant in any way. Stripped of all its verbiage, the bill shows that a suit in justice's court was commenced against him October 31, 1906; that judgment was taken therein January 10, 1907; that a transcript was taken to the circuit court March 25, 1907; that he learned of the situation April 1, 1907; that he sought to take a dilatory appeal April 6, 1907, which was denied him June 10, 1907, and the following day this bill was filed. The only excuse given why the attorney did not appear in the case in justice's court is the statement of the complainant, made upon information and belief, that the attorney was mistaken as to the date of the adjournment. The circuit judge on the hearing on the application for a dilatory appeal, for some reason which does not appear, denied the application. It is not shown, except by hearsay, that the attorney mistook the adjourn day. To say the least, the complainant gave very little attention to the suit at law brought against him. He had ample opportunity, in a court of law, to have his differ-

ences with his brother-in-law settled by a jury. The case made by the bill is not such a one as calls for the interference of a court of equity. See *Miller* v. *Morse*, 23 Mich. 365; *Foster* v. *Wiley*, 27 Mich. 244; *Gray* v. *Barton*, 62 Mich. 187; *Cleveland Iron Mining Co.* v. *Husby*, 72 Mich. 61; *Valley City Desk Co.* v. *Insurance Co.*, 143 Mich. 468.

The decree is affirmed, with costs.

GRANT, C. J., and BLAIR, HOOKER, and MCALVAY, JJ., concurred.