## GODAWA *v.* STANISLAWSKI.

JUDGMENT—SUMMARY PROCEEDINGS—RES JUDICATA.

Where a vendor brought summary proceedings under 3 Comp. Laws 1915, § 13240, for possession of land sold on contract, and at the hearing before the commissioner neither the purchasers nor their counsel appeared and judgment of restitution was had, and after the time for appeal had expired, the purchasers moved for a dilatory appeal under 3 Comp. Laws 1915, §§ 13252, 14408, alleging fraud on the part of the vendor, and such motion was heard on the merits and denied, such hearing was *res judicata* of the matters in issue and precluded relief in equity in a suit to set aside said judgment on the ground of said fraud.[1]

Appeal from Wayne; Barton (Joseph), J., presiding. Submitted January 21, 1925. (Docket No. 35.) Decided May 14, 1925.

Bill by John Godawa and another against Mary Stanislawski and others to set aside summary proceedings. From a decree for plaintiffs, defendants appeal. Reversed, and bill dismissed.

*John W. L. Hicks,* for plaintiffs.

*Daniel P. Cassidy,* for defendants.

CLARK, J.     Plaintiffs held real estate as contract purchasers. Defendant Mary Stanislawski was the vendor. We omit reference to other defendants. Plaintiffs got behind in payments. The vendor brought summary proceedings for possession (3 Comp. Laws 1915, § 13240). At the time fixed, May 8, 1922, for hearing before the circuit court commissioner,

---

[1]Judgments, 34 C. J. § 1292.

neither the purchasers nor their counsel appeared. Complainant had judgment. After time for appeal had expired, and about June 27, 1922 (3 Comp. Laws 1915, § 13252), the purchasers moved in the circuit court that they be authorized to bring dilatory appeal (3 Comp. Laws 1915, §§ 13252, 14408), claiming that they had been prevented from taking regular appeal by circumstances not under their control. Supporting the motion were affidavits setting forth such circumstances at length, in substance that after the commencement of the proceeding for possession, after the date for hearing had been fixed, and some two or three days before the day, the parties met, attorney for the purchasers also being present, discussed the matter, and agreed to drop the case, and that said vendor assured counsel for the purchasers that he need pay no further attention to the case, and that neither he nor the purchasers need appear on the date set for hearing, and that the purchasers and their counsel did not learn that the vendor fraudulently had taken judgment until nearly three weeks after the entry of the same. Answering the motion the vendor denied that any such agreement or understanding had been made and among the answering affidavits is one by the clerk of the commissioner and one by a deputy clerk of the county, to the effect that counsel for the purchasers was informed of the judgment when there was yet ample time to appeal regularly. The circuit court, on July 8, 1922, denied the motion, finding against the movers on the merits. The purchasers, in the meantime, had filed this bill of complaint to set aside the judgment because of the claimed fraud as stated and to restrain restitution of the premises. After answer and hearing, plaintiffs had decree on August 7, 1923. Defendants have appealed.

The question is, Has there been former adjudication? We think there has. The matter presented

in equity was fully submitted to the circuit court on the motion for dilatory appeal. It passed on the merits and denied another trial. Plaintiffs sought to review by mandamus and were refused by this court. *Huddleston* v. *Charles Amos & Co.,* 180 Mich. 253. In effect, equity is asked now to grant a new trial on the same grounds.

In principle, the case is ruled by *Gray* v. *Barton,* 62 Mich. 186, quoting syllabus:

"Where a defendant in a suit at law made a motion for a new trial, based on the alleged misconduct, drunkenness, and bias of certain jurors, filing affidavits tending to show such alleged facts, which were met by counter-affidavits, and after a full argument the motion was denied by the trial judge, and no application made to the Supreme Court for relief by mandamus,—

"*Held,* that equity would not grant relief.

"*Held,* further, that the matter had been litigated upon the merits before the proper tribunal, in a court of law, and that the decision of the trial judge must be considered *res judicata* as far as that question is concerned."

See, also, 34 C. J. p. 884; *Miller* v. *Morse,* 23 Mich. 365; *Cleveland Iron Mining Co.* v. *Husby,* 72 Mich. 61; *Kelleher* v. *Boden,* 55 Mich. 295; *Valley City Desk Co.* v. *Insurance Co.,* 143 Mich. 468; *Vincent* v. *Sherwood,* 118 Mich. 64; *American Fidelity Co.* v. *Ginsberg Sons' Co.,* 192 Mich. 693.

In *Kramer* v. *Schulte,* 154 Mich. 632, a similar case, the precise question was not passed upon.

For the reason stated, the decree is reversed and the bill dismissed, with costs to defendants.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.