SKIBE *v.* JOHNSON.

1. JUDGMENT—FRAUD.
    Surreptitious taking of judgment in violation of agreement by
    counsel for continuance is a fraud.

2. JUSTICES OF THE PEACE—JUDGMENT—EQUITY JURISDICTION.
    Equity has jurisdiction to set aside justice's court judgment
    for fraud, but the jurisdiction is to be sparingly used.

3. SAME—EQUITY—ADEQUATE REMEDY AT LAW.
    Equity will not exercise jurisdiction to set aside justice's court
    judgment for fraud where plaintiff has been negligent in con-
    serving his rights at law, nor where he has adequate remedy
    at law, as by appeal, error, or certiorari.

4. SAME—EQUITY JURISDICTION NOT EXERCISED WHERE LEGAL REM-
    EDY BY APPEAL NEGLECTED.
    Where plaintiff, against whom judgment was taken in justice's
    court in violation of agreement for continuance, obtained in-
    junction restraining levy of execution until he could move for
    leave to appeal, and cash injunction bond was conditioned on
    leave to appeal being granted, but no motion for leave to ap-
    peal was made and no excuse for failure to do so offered but
    instead, plaintiff filed bill to set aside judgment on ground
    of fraud, decree in his favor is reversed, on appeal, for failure
    to pursue legal remedy by appeal, which was adequate.

Appeal from Wayne; Cross (Orien S.), J., presid-
ing. Submitted October 15, 1929. (Docket No. 89,
Calendar No. 34,470.) Decided January 24, 1930.

Bill by Elias Skibe against Frona Johnson and
Edward Goodspeed to set aside a judgment rendered
in justice's court. From a decree for plaintiff, de-
fendant Johnson appeals. Reversed, and decree en-
tered dismissing bill of complaint.

*Peirson & Peirson* and *M. E. Tripp,* for appellants.

FEAD, J. This is a bill to set aside a judgment rendered in justice's court in the city of Detroit.

The testimony is undisputed that, on August 20, 1925, an adjourned day of the case in justice's court, counsel for the parties orally agreed to a continuance, that upon suggestion of Mr. Burleigh, attorney for defendants herein, Mr. Lane, attorney for this plaintiff, went to Mr. Burleigh's office, drafted a stipulation of continuance, signed it, and left it with a clerk for Mr. Burleigh to sign and file. The stipulation was not filed, but, on the same day, Mr. Burleigh's partner or associate took judgment in favor of these defendants and against this plaintiff for $500 and costs. Plaintiff and his attorney first knew of the judgment about two weeks after it was rendered, when an officer appeared with an execution.

In his bill, plaintiff alleged irreparable injury unless an injunction be issued restraining levy of execution until he could move for leave to appeal, the time for appeal as of right having expired. The court granted a temporary injunction on that basis. The cash injunction bond was conditioned on leave to appeal being granted. The bill was filed September 10, 1925. Hearing was had September 18, 1928. No motion for leave to appeal was made and no excuse offered for not making it.

The surreptitious taking of judgment in violation of an agreement for continuance is a fraud. 34 C. J. p. 477. Equity has jurisdiction to set aside a justice's judgment for fraud. *Burpee* v. *Smith,* Walk. Ch. 327; *Garey* v. *Morley Brothers,* 234 Mich. 675; 34 C. J. p. 440; 35 C. J. p. 680. But the jurisdiction is to be sparingly used. *Blazewicz* v. *Weberski,* 234 Mich. 431. The jurisdiction will not be exercised

where plaintiff has been negligent in conserving his rights at law (*Weisman* v. *Newton Beef Co.*, 154 Mich. 511; *Kramer* v. *Schulte*, 154 Mich. 632), nor where he has an adequate remedy at law (34 C. J. p. 434, 35 C. J. p. 681), as by appeal, error, or certiorari (34 C. J. p. 436).

If plaintiff had presented a motion for leave to appeal and had established the facts which he has here substantiated, the motion would have been granted. *Capwell* v. *Baxter*, 58 Mich. 571. The remedy at law was adequate. No reason was offered for failure to pursue it. On the contrary, the equities are against plaintiff in this respect. His failure to move for leave to appeal, after obtaining an injunction for that purpose, was a virtual breach of faith with the court.

The decree is reversed, and one will be entered dismissing the bill of complaint, with permission to defendants to proceed upon the injunction bond, and with costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and NORTH, JJ., concurred. McDONALD, J., took no part in this decision.