BRYLL v. KARCHMARZ.

JUDGMENT—EQUITY—NEGLECT OF ATTORNEY.

Relief from judgment may not be granted in equity on ground that plaintiff, without fault on her part, lost her right to review because of gross negligence of her attorney to whom she had intrusted appeal, notwithstanding allegations of errors and irregularities in judgment which might have been sufficient to release her had it been reviewed.

Appeal from Wayne; Campbell (Allan), J. Submitted January 20, 1931. (Docket No. 105, Calendar No. 35,246.) Decided April 7, 1931.

Bill by Jessie Bryll against John Karchmarz and others to enjoin enforcement of a judgment. Bill dismissed. Plaintiff appeals. Affirmed.

*John L. Crandell,* for plaintiff.

*Edmund E. Shepherd,* for defendant.

McDONALD, J.   The purpose of this suit is to enjoin the enforcement of a circuit court judgment entered in favor of defendants John and Anna Karchmarz against plaintiff, Jessie Bryll, and Peter Bryll, her husband.   When the bill was filed, a temporary injunction was issued.   On motion of defendants, the injunction was dissolved and the bill dismissed. The plaintiff has appealed.

The bill does not charge fraud, but alleges various errors and irregularities, which, if reviewed by this court, undoubtedly would have released plaintiff from the judgment.   But she lost her right to review because of the gross negligence of her attorney to whom she had intrusted the appeal.   It is her contention that, though she had an adequate remedy at law by error to this court, she lost it through the negligence of her attorney and without fault on her part, and therefore equity ought to grant the relief which she would have obtained if her appeal had been properly prosecuted.

"Relief from a judgment will not be granted in equity on the ground that the attorneys   *   *   *   failed to prepare and present a bill of exceptions or to do other formal acts necessary to prepare the case for trial in a reviewing court although in consequence the right of appeal was lost."   15 R. C. L. § 209, p. 757.

"Relief will in no case be granted where the loss of the remedy at law was due to the party's own negligence or fault or that of his counsel."   34 C. J. p. 438, § 687, and cases cited under note 61.

See *Weisman* v. *Newton Beef Co.,* 154 Mich. 511.

The plaintiff's bill does not state a case for equitable relief. It was properly dismissed.

The decree is affirmed, with costs to the defendants.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.