BLEHM *v.* HANZEK.

1. PROCESS—JUSTICES OF THE PEACE—NEW SHORT SUMMONS.
   A new short summons may be properly issued by justice of the peace following a long summons only if it appears by the return of the constable that the first summons was not personally served (3 Comp. Laws 1929, § 16002).

2. SAME—RETURN—JUSTICES OF THE PEACE—JURISDICTION.
   A justice of the peace, by entries on his docket, cannot impeach, modify or amend the officer's return and base jurisdiction to issue short summons thereon (3 Comp. Laws 1929, § 16002).

3. SAME—MISTAKE IN RETURN—REMEDY.
   Remedy for mistake in return to a summons is for constable to make a true return (3 Comp. Laws 1929, § 16002).

4. Judgment—Justices of the Peace—Void Summons.

> On bill to vacate judgment of justice of the peace and enjoin its enforcement court properly held justice was without jurisdiction to render it where based on void short summons (3 Comp. Laws 1929, § 16002).

5. Equity—Setting Aside Judgment—Adequate Remedy at Law.

> Although a court of equity has power to set aside a judgment at law it will not ordinarily do so where the party has an adequate remedy at law or has failed to exhaust his legal remedy.

6. Appeal and Error—Judgment—Justices of the Peace—Pleadings.

> In suit to vacate a judgment rendered by justice of the peace, determination must be made on the pleadings and bill taken as true, where no testimony is set out in record notwithstanding plaintiff had shown *prima facie* defense to the original action on the merits.

7. Same—Questions Reviewable—Pleading of Affirmative Defense.

> In suit to vacate judgment rendered by justice of the peace, although plaintiff's bill shows he had ample time to review judgment by certiorari, where defendant's answer is to the merits and does not raise question as to adequacy of remedy at law, the court may set aside the judgment even though adequate relief might have been obtained at law since such defense should be affirmatively pleaded.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted June 12, 1935. (Docket No. 106, Calendar No. 38,451.) Decided September 9, 1935.

Bill by George Blehm against Joe Hanzek to vacate a judgment rendered in justice's court. Decree for plaintiff. Defendant appeals. Affirmed.

*Chester H. Chesnut,* for plaintiff.

*Timothy C. Quinn,* for defendant.

FEAD, J. The bill was filed to vacate a judgment for $115 and costs of $14.30, rendered against plaintiff in justice's court, and for injunction to restrain enforcement of the judgment in any manner. Plaintiff had decree.

A 10-day summons was issued and return of personal service made. However, a recital appears in the justice's docket, as of the return day, that "defendant not appearing it was found that the summons had been left with defendant's wife." Thereupon a new summons, returnable in five days, was issued. It was personally served and, on the return day, defendant not appearing, judgment was rendered. 3 Comp. Laws 1929, § 16002, permits a new short summons, following a long summons, only if "it appear by the return of the constable that the summons was not personally served." The justice, by entries on his docket, cannot impeach, modify or amend the officer's return and base jurisdiction to issue a short summons thereon. The remedy for a mistake is for the constable to make a true return. The court properly held the second summons void and the justice without jurisdiction to render judgment.

The serious question is whether equity will take jurisdiction.

The power of a court of equity to set aside a judgment in a proper case is clear. *Skibe* v. *Johnson,* 249 Mich. 303; *Garey* v. *Morley Brothers,* 234 Mich. 675; *Wilcke* v. *Duross,* 144 Mich. 243 (115 Am. St. Rep. 394). But it is an established rule, with few exceptions, that equity will not take jurisdiction where a party has an adequate remedy at law. Although there are decisions to the contrary, it is the weight of authority that equity will not set aside a void judgment where the party has an adequate

remedy at law or has failed to exhaust his legal remedy. 34 C. J. p. 434; *Weisman* v. *Newton Beef Co.,* 154 Mich. 511. In *Wilcke* v. *Duross, supra,* where relief was granted, the court pointed out that certiorari would not have been an appropriate remedy because the return would not have disclosed the true situation.

No testimony is set out in the record and, aside from the fact, somehow established, that plaintiff had shown a *prima facie* defense to the original action on the merits, the case must be determined on the pleadings, with plaintiff's bill taken as true. The bill discloses that plaintiff had discovered the judgment in ample time to bring certiorari and shows no reason for his failure to do so. On the other hand, defendant's answer is to the merits and does not raise the question that plaintiff had an adequate remedy at law. Such defense should be affirmatively pleaded. *Williams* v. *Mayor, etc., of Detroit,* 2 Mich. 560; *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242. Where not pleaded, the court may set aside the judgment even though adequate relief might have been obtained at law. *Lothrop* v. *Duffield,* 134 Mich. 485; 21 C. J. p. 163.

In view of the pleadings and the complications which might arise from an attempt by defendant herein to enforce the judgment, we are inclined to affirm the decree. However, the result is not to be taken as justifying litigants in law actions in ignoring their legal remedies, without equitable excuse therefor, nor as a precedent in case the question of adequate legal remedy is raised in the pleadings.

Affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.