SMITH *v.* PONTIAC CITIZENS LOAN & INVESTMENT CO.

1. EQUITY—JUDGMENT—SETTING ASIDE.
   A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly wrong that it is against good conscience.

2. SAME—GROUNDS FOR SETTING ASIDE JUDGMENT.
   In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law.

3. SAME—JUDGMENT WILL NOT BE SET ASIDE ON GROUNDS PRESENTED IN LAW CASE.
   A court will not set aside a judgment because it was founded on a fraudulent instrument, perjured testimony, or for any matter if these questions were actually presented or considered in the case which resulted in the judgment assailed.

4. JUDGMENT—EQUITY—PERJURY.
   A court of equity may not entertain bill to vacate judgment at law on ground that false testimony was given in trial.

5. SAME—APPEAL AND ERROR.
   A court of equity will not retry suit at law in which judgment has been rendered and time for review by appeal has elapsed.

6. EQUITY—SETTING ASIDE JUDGMENT—ADEQUATE REMEDY AT LAW.
   Although a court of equity has power to set aside a judgment at law it will not ordinarily do so where the party has an adequate remedy at law or has failed to exhaust his legal remedy.

7. SAME—ADEQUATE REMEDY AT LAW—JUSTICE COURT JUDGMENT.
   Plaintiff, seeking to set aside judgment of justice court by bill in equity on ground that defendant corporation, the judgment creditor, prosecuted claim by an officer of the corporation who was not an attorney and that corporation's claim was barred by plaintiff's previous discharge in bankruptcy, *held,* not entitled to relief where claim upon which judgment was based was corporation's own claim, and the matter was not appealed to the circuit court.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 16, 1940. (Docket No. 143, Calendar No. 40,670.) Decided September 6, 1940.

Bill by Lyle C. Smith to set aside a judgment obtained in justice court by the Pontiac Citizens Loan & Investment Company, a Michigan corporation. Decree for plaintiff. Defendant appeals. Reversed.

*Keeling, Bogue & Huthwaite,* for appellant.

*Leon H. Hubbard,* for appellee.

*George E. Brand, John H. Brennan,* and *William F. Fratcher, amici curiae.*

SHARPE, J.   The facts in this case are not in dispute. It appears that in February, 1934, plaintiff Lyle C. Smith signed a promissory note payable to the Pontiac Citizens Loan & Investment Company, a Michigan corporation; that on November 14, 1936, he was adjudicated a bankrupt; that the indebted-

ness to the loan company was listed as one of the liabilities; that in November, 1937, plaintiff received his discharge in bankruptcy; that on March 7, 1938, defendant corporation began suit in the municipal court for the city of Pontiac against plaintiff herein; that on the return day of the summons, plaintiff entered his appearance through an attorney and set up as his defense to the action begun against him that he had been adjudicated a bankrupt; that on May 20, 1938, the justice of the municipal court of Pontiac entered a judgment against plaintiff herein in the amount of $345.87; that the defendant corporation instituted said suit by one B. F. Plumley, agent; that said B. F. Plumley appeared for the defendant corporation upon the return day of the summons and conducted all the proceedings resulting in the judgment; that in September, 1938, plaintiff's wages were garnisheed. On October 27, 1938, plaintiff filed the present bill of complaint to have the above judgment set aside and declared of no force and effect by reason of the fact that B. F. Plumley, the agent of defendant company, was not an attorney at law during any of the above proceedings.

Defendant filed an answer and a petition to dismiss plaintiff's bill of complaint upon the grounds that plaintiff had an adequate remedy at law and that the bill of complaint failed to state a cause of action cognizable by a court of chancery.

The trial judge denied the motion and after a hearing entered a decree voiding the municipal court judgment. Defendant company appeals and contends that the judgment rendered in the municipal court was not void by reason of the fact that the defendant company had appeared and prosecuted the cause therein by B. F. Plumley, its assistant secretary, director and manager.

The sole question involved in this case is whether or not the court of chancery has the power to annul the judgment taken in the justice court. In deciding this issue we have in mind that the corporation in the justice court was prosecuting its own claim.

It is a general principle of law that:

"A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly wrong that it is against good conscience. *Cleveland Iron Mining Co.* v. *Husby,* 72 Mich. 61. In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law. *Taylor* v. *Sutton,* 15 Ga. 103 (60 Am. Dec. 682).

"A court will not set aside a judgment because it was founded on a fraudulent instrument, perjured evidence, or for any matter if these questions were actually presented or considered in the case which resulted in the judgment assailed." *Bassett* v. *Trinity Building Co.,* 254 Mich. 207.

In the case at bar, Mr. Smith was represented in the justice court by an attorney whose duty it was to raise such objections to the action as were lawful. Among the objections that could have been raised was the fact that the corporation was not represented by a duly licensed attorney. It is also to be noted that Mr. Smith had a remedy by appealing to the circuit court. He chose to accept neither of these courses.

In *Graure* v. *Detroit Lumber Co.,* 260 Mich. 47, we said:

"It is settled law in this jurisdiction that a court of equity may not entertain a bill to vacate a judgment at law on the ground that false testimony was given in the trial. * * *

"The court of equity will not retry a suit at law in which a judgment has been rendered and time for review by appeal has elapsed."

In *Blehm* v. *Hanzek,* 272 Mich. 541, we said:

"But it is an established rule, with few exceptions, that equity will not take jurisdiction where a party has an adequate remedy at law. Although there are decisions to the contrary, it is the weight of authority that equity will not set aside a void judgment where the party has an adequate remedy at law or has failed to exhaust his legal remedy."

In the case at bar, Mr. Smith had a legal remedy but failed to use it. The nonuse of this remedy precludes relief in a court of equity.

The decree of the circuit court is reversed, with costs to defendant.

Bushnell, C. J., and Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.