VALLEY CITY DESK CO. *v.* TRAVELERS' INSURANCE CO. OF HARTFORD.

1. JUDGMENT—EQUITABLE RELIEF.

A court of equity will not assume jurisdiction to set aside a judgment of a court at law of competent jurisdiction, on the ground that it is contrary to equity, unless the judgment defendant was ignorant of the fact in question pending the suit, or it could not be received as a defense at law, or, unless, without any neglect or default on his part, he was prevented by fraud or accident or the act of the opposite party from availing himself of the defense.

2. SAME—CONCLUSIVENESS.

After a mandamus to compel the circuit court to set aside a default judgment was denied by the Supreme Court, on the ground that the remedy was by writ of error, defendant filed his bill to set the judgment aside. The bill showed that no fraud was practiced on complainant, and that neither by accident nor act of the opposite party was complainant prevented from making defense, nor did it charge that the return of service in the law case was fraudulent, in that service was not in fact made, but merely alleged that complainant had no knowledge, and that its secretary had no recollection. *Held,* that, no writ of error having been applied for nor motion for new trial made, the determination of the circuit court was conclusive and that the bill could not be maintained.

Appeal from Kent; Wolcott, J.  Submitted December 7, 1905.  (Docket No. 161.)  Decided March 27, 1906.

Bill by the Valley City Desk Company against the Travelers' Insurance Company of Hartford to vacate and set aside a judgment.  From an order overruling a demurrer to the bill, defendant appeals.  Reversed, and bill dismissed.

*Carroll & Nichols*, for complainant.

*Drew & Heald*, for defendant.

McAlvay, J.  A bill was filed in the circuit court for Kent county in chancery by complainant, a Michigan corporation, against defendant insurance company, to vacate and set aside a certain judgment of the circuit court for Kent county obtained against it in a cause in said court, wherein said insurance company was plaintiff and this complainant was garnishee defendant.  Defendant demurred to said bill of complaint on the ground of want of equity and adequate remedy at law and because all the questions involved were passed upon in the suit at law. The case is before us on appeal from an order overruling the demurrer.

It appears from the bill of complaint and the files and records in the principal and garnishee cases which are referred to in said bill and made part of it, the material facts and allegations of which are admitted to be true, that the judgment which is complained of was entered November 21, 1904; that on the following day, November 22d, complainant first had knowledge of the pending of said suit or any proceedings against it, or that it was claimed that a writ of garnishment in said suit had been served upon it, and immediately caused a motion to be made and filed with affidavits on which it was based in said cause November 25, 1904, and after the filing of said motion a judgment was entered against the defendants nunc pro tunc; that the affidavit upon which the judgment in garnishment is based

did not show whether complainant was a domestic or foreign corporation organized and lawfully doing business in this State; that the secretary and treasurer of complainant company, upon whom the writ purports to have been served, had no knowledge or recollection that such writ had been served, and no officer or agent of said company had any notice or knowledge of the service of the writ or pending proceedings; that, had complainant had such knowledge, disclosure would have been made of the truth and fact of the matter; that at the time of the issuance of said writ and ever since complainant was not indebted to the principal defendant in the case in any sums either due or to become due, nor did it have any property or effects in its hands or under its control belonging to them, as complainant had done in two other cases of garnishment against the same principal defendant before this suit was commenced.

It is contended that all of the facts upon which complainant relies for equitable relief were before the Kent circuit upon the motion to set aside the judgment, and were decided against complainant, that the decision of that motion is res adjudicata and not reviewable by a court in chancery, and that its remedy was by writ of error. After the motion referred to was denied, complainant made application to this court for a mandamus requiring the circuit judge to vacate the order denying the same. The writ was denied on the ground that the questions raised could be determined on writ of error. *Valley City Desk Co.* v. *Kent Circuit Judge,* 139 Mich. 194. The bill of complaint in this case was at once filed.

The questions presented are the same which were considered in the Kent circuit court upon said motion and afterwards here upon the application for mandamus. It has been held repeatedly by this court, supported by authority both Federal and State, that a court of equity will not assume jurisdiction to set aside a judgment of a court at law of competent jurisdiction on the ground that it is contrary to equity, unless the defendant in the judgment

was ignorant of the fact in question pending the suit, or it could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident or the act of the opposite party from availing himself of the defense. *Mack & Davis* v. *Doty*, Har. Ch. (Mich.) 366; *Miller* v. *Morse*, 23 Mich. 365; *Kelleher* v. *Boden*, 55 Mich. 295, and cases cited. An examination of the bill of complaint shows that no fraud has been practiced upon complainant, nor by accident or act of the opposite party has it been prevented from making defense to the suit at law. These questions here raised were all before the circuit court and passed upon.

No writ of error has been applied for, nor was any motion for a new trial made. The determination of that court is conclusive and res adjudicata. *Gray* v. *Barton*, 62 Mich. 186.

The bill of complaint does not charge that the return of service in the law case is fraudulent, nor that the service was not in fact made. The allegations upon this subject are general that it had no knowledge, and the secretary had no recollection. We do not find in the bill of complaint any new matter of equity not arising in the former case, although a most careful examination has been given with that end in view. And all the more care has been taken because the learned trial judge before whom the law case was heard overruled the demurrer in this case.

The order overruling the demurrer is reversed, and a decree will be entered dismissing the bill of complaint, with costs of both courts.

Grant, Blair, Hooker, and Moore, JJ., concurred.