BASSETT v. TRINITY BUILDING CO.

1. JUDGMENT—RES ADJUDICATA.
   A judgment in an action at law from which no appeal is taken becomes *res adjudicata* as to subject-matter involved.

2. EQUITY—JUDGMENT—SETTING ASIDE.
   A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly wrong that it is against good conscience.

3. SAME—GROUNDS FOR SETTING ASIDE JUDGMENT.
   In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law.

4. SAME—JUDGMENT WILL NOT BE SET ASIDE ON GROUNDS PRE-
SENTED IN LAW CASE.

A court will not set aside a judgment because it was founded
on a fraudulent instrument, perjured testimony, or for any
matter if these questions were actually presented or consid-
ered in the case which resulted in the judgment assailed.

5. JUDGMENT—RES ADJUDICATA—SETTING ASIDE.

Where the very questions presented in suit to rescind a land
contract and for other relief were litigated as far as one
defendant is concerned in an action at law from which no
appeal was taken, they became *res adjudicata.*

6. EQUITY—JURISDICTION—TRANSFER TO LAW SIDE OF COURT.

Where plaintiffs in suit for rescission of land contract have
failed to make out a case for equitable relief, and the sole
relief given them is a money judgment which cannot be satis-
fied out of the property in question, equity will not keep
jurisdiction, but the case should be transferred to the law
side of the court.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted January 7, 1931. (Docket No. 29,
Calendar No. 35,366.) Decided April 23, 1931. Re-
hearing denied June 25, 1931.

Bill by Bert L. Bassett and another against Trin-
ity Building Company, a Michigan corporation, and
others to rescind a land contract and for other relief.
Cross-bill by defendant J. Gilbert Quail for an ac-
counting and for other relief. Decree for plaintiff
against all defendants. Defendant Quail appeals.
Reversed, and permission granted to transfer to law
side as to defendant Trinity Building Company, and
bill dismissed as to defendants Northwestern In-
vestment Company and Quail.

*James M. Cleary,* for plaintiff.

*Arthur Gloster* and *J. Gilbert Quail,* for defend-
ant Quail.

BUTZEL, C. J.   Plaintiffs Bassett traded in an equity in property as first payment on the purchase of a house and lot in Detroit.   A land contract dated June 26, 1928, was executed by defendant Trinity Building Company, as vendor, and plaintiffs as vendees.   After giving plaintiffs credit for the equity traded in, the contract called for further payments aggregating $6,800, payable with interest at the rate of $60 a month.   The contract was sold the day it was executed to or through defendant Northwestern Investment Company and the same day defendant Quail purchased it.   The latter gave his check direct to the Trinity Building Company and it executed an assignment direct to him.   It also gave him a deed which was duly recorded.   Just what connection the Northwestern Investment Company had with the contract is not shown.   It is uncertain whether it acted as broker or purchased and immediately sold the contract and caused the transfer to be made by the Trinity Building Company to Quail.   The assignment of the contract contained a guaranty on the part of the Trinity Building Company that the building had been finished and accepted by the vendees; that there were no agreements between the vendor or the vendees and their assigns except as stated in the contract.   It contained no exceptions.   Plaintiffs moved into the house a few days after the execution of the contract. A driveway and garage were built for plaintiffs by Trinity Building Company at a cost of $350.   They paid this amount direct to the builder.   This transaction had nothing whatsoever to do with the contract or payments to become due thereunder.

Plaintiffs made payments amounting to $300 on the contract but refused to pay any further sums, claiming that the house had defects and that its con-

dition had been misrepresented to them by the defendant Trinity Building Company. Plaintiffs claim that the latter agreed to make repairs and alterations and that some were made; that their delay in asking for a rescission of the contract was due to promises made by the Trinity Building Company. They, however, admit that they continued to live in the premises for over six months from the time they last complained to the building company. It was almost two years from the date of the contract that plaintiff filed the present bill for rescission of the contract and for other relief.

On January 28, 1930, Quail began suit in the common pleas court for the city of Detroit against plaintiffs to recover $480 due on the land contract. A copy of the contract was attached to the declaration. Plaintiffs appeared as the defendants in this law case and pleaded the general issue with notice of the following special defenses: failure of consideration, no consideration, fraud and misrepresentation, and breach of warranty. The case resulted in a judgment in favor of Quail for the full amount of his claim against plaintiffs Bassett. The latter thereupon made a motion to set aside the judgment and filed an affidavit again charging fraud and misrepresentation, and the other questions raised in the case now before us. The motion was denied on March 29, 1930, and no appeal taken. The judgment thus became *res adjudicata*. After the time for taking an appeal had expired, plaintiffs filed this bill for rescission, a lien for moneys paid, and an injunction restraining defendant Quail from proceeding to collect on his judgment. After a hearing, the trial judge denied plaintiffs the right to rescind. He, however, decreed the equivalent of a money judgment, for he ordered that $1,200 should be

credited on the land contract and the balance still due reduced by that amount; that in addition, the judgment in favor of Quail, rendered by the court of common pleas, should also be set aside and considered as satisfied.

The decree setting aside this judgment is obviously wrong. A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly wrong that it is against good conscience. *Cleveland Iron Mining Co.* v. *Husby,* 72 Mich. 61. In order to set aside a judgment of law in equity, there must be ignorance of the defense when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law. *Taylor* v. *Sutton,* 15 Ga. 103 (60 Am. Dec. 682).

A court will not set aside a judgment because it was founded on a fraudulent instrument, perjured evidence, or for any matter if these questions were actually presented or considered in the case which resulted in the judgment assailed. *United States* v. *Throckmorton,* 98 U. S. 61. The very questions presented in the bill of complaint were litigated as far as defendant Quail is concerned in the law case in the court of common pleas and became *res adjudicata.* As Mr. Justice COOLEY said in *Miller* v. *Morse,* 23 Mich. 365:

"And we do not see why, if this bill should be sustained, the defeated party might not maintain a similar one in nearly every case which the courts at law disposed of."

Also, see *Lafayette Benevolent Society* v. *Richardson,* 188 Mich. 57; *Becker* v. *Welch,* 206 Mich. 613.

The testimony shows, as the trial judge found, that defendant Northwestern Investment Company

was not guilty of the fraud, fraudulent representations, and breach of warranty that the Trinity Building Company is charged with. These questions were *res adjudicata* as to defendant Quail. The trial court held that no conspiracy existed and that plaintiffs were not entitled to a rescission of the contract. He, however, gave them the equivalent of a money judgment and imposed a lien on property which the Trinity Building Company had parted with and which defendant Quail owned, notwithstanding the fact that it had been determined in the previous litigation that Quail was not liable for the damages for which the lien was given. Stripping the bill of complaint of the charges of conspiracy and the claim of rescission, the equity suit became one solely for the recovery of damages for fraud, fraudulent misrepresentations, and breach of warranty. The grounds for equitable jurisdiction were denied. As the bill was filed after the claim against defendant Quail had become *res adjudicata,* it really became one against the Trinity Building Company for a money judgment. Where plaintiffs in the suit for rescission have failed to make out a case for equitable relief, and the sole relief given them is a money judgment, which cannot be satisfied out of the property in question, equity will not keep jurisdiction but transfer the case to the law side of the court. *Koontz* v. *Bay Circuit Judge,* 224 Mich. 463; *Wisper* v. *Dix-Ferndale Land Co.,* 241 Mich. 91.

The decree of the lower court will be set aside and the bill dismissed as to defendants Northwestern Investment Company and Quail. The decree will also be set aside as to defendant Trinity Building Company, but the case remanded to the trial court with the right reserved to plaintiffs to move for the transfer of the suit against defendant

Trinity Building Company to the law side of the court in accordance with provisions of 3 Comp. Laws 1929, § 14008, or its dismissal as they may elect. Defendants will recover costs.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.