ROGOSKI v CITY OF MUSKEGON

Docket No. 54090. Submitted March 5, 1981, at Detroit.—Decided
July 8, 1981. Leave to appeal applied for.

Loretta E. Rogoski commenced an action in Muskegon Circuit
Court against the City of Muskegon and the city assessor,
Elden Nedeau, alleging that the defendants conspired to perpe-
trate a fraud upon her during a prior condemnation proceed-
ing. Mrs. Rogoski alleged that the defendants agreed to have
Nedeau give false testimony at the condemnation hearings. R.
Max Daniels, J., dismissed the action, holding that, if the action
was characterized as an independent action for damages, it
failed to state a claim upon which relief could be granted and,
if it was characterized as an equitable action to set aside the
condemnation judgment, it failed by reason of a failure to
exhaust legal remedies. Mrs. Rogoski sought leave to file a
delayed appeal in the Court of Appeals. While that matter
(Docket No. 46764) was pending in the Court of Appeals, Mrs.
Rogoski died, and Alexis J. Rogoski, personal representative of
Loretta Rogoski's estate, was substituted as plaintiff. By orders
of January 25, 1980, and March 26, 1980, the Court of Appeals
denied the application for leave to appeal and the application
for a rehearing on the application for leave to appeal without
prejudice to plaintiff's right to pursue a motion for relief from
judgment in the trial court. Plaintiff filed motions for relief
from judgment in both the original condemnation matter and
in this independent action for fraud. Both motions were denied.
Plaintiff appeals from the denial of his motion for relief from
judgment made in the action for fraud. *Held:*

There exists no civil action for damages arising out of giving
false testimony, subornation of false testimony, or conspiracy to
give or procure the giving of false testimony as between the

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 46 Am Jur 2d, Judgments § 854.
[2] 60 Am Jur 2d, Perjury § 75.
[3] 16 Am Jur 2d (Rev), Constitutional Law § 114.·
[4-6] 37 Am Jur 2d, Fraud and Deceit § 5.
[5] 46 Am Jur 2d, Judgments § 840.
[6] 46 Am Jur 2d, Judgments § 826.

parties to the action in which the false testimony was given. Perjury is an intrinsic fraud only, and relief from a judgment obtained by intrinsic fraud is properly obtained by a motion for relief from judgment in the action in which the fraud occurred. The trial court in this independent action for fraud therefore properly denied the motion for relief from the judgment entered in the prior condemnation action.

Affirmed.

1. ACTIONS — JUDGMENTS — RELIEF FROM JUDGMENTS — COURT RULES.

The provision in the court rule controlling relief from judgments which provides that the rule does not limit the power of a court to grant independent relief is merely permissive in the procedural sense and does not create a substantive right in law to secure such independent relief from judgment (GCR 1963, 528.3).

2. ACTIONS — FALSE TESTIMONY.

There exists no civil action for damages arising out of the giving of false testimony, subornation of false testimony, or conspiracy to give or procure the giving of false testimony as between the parties to the action in which the false testimony was given.

3. COMMON LAW — ENGLISH COMMON LAW — CONSTITUTIONAL LAW.

English common law, insofar as it is not repugnant to the Federal and state constitutions and statute, remains in force and effect in Michigan (Const 1963, art 3, § 7).

4. FRAUD — EXTRINSIC FRAUD — WORDS AND PHRASES.

Extrinsic fraud in a law suit is a fraud which actually prevents the losing party from having an adversary trial on a significant issue.

5. PERJURY — FRAUD — INTRINSIC FRAUD.

Perjury in a law suit is an intrinsic fraud only, since, while a fraud in obtaining a judgment, it does not prevent an adversary trial.

6. JUDGMENTS — FRAUD — INTRINSIC FRAUD — COURT RULES.

Relief from a judgment obtained by intrinsic fraud is properly obtained by a motion pursuant to the court rules in the action in which the fraud occurred, not by an independent action (GCR 1963, 528.3[3]).

*John B. Olsen,* for plaintiff.

*O'Toole, Stevens, Johnson, Knowlton, Potter &
Rolf (Harold M. Street, of counsel), for defendant
City of Muskegon.*

*White, Spaniola, Knudsen, Stariha & Potuznik,
P.C.,* for defendant Nedeau.

Before: D. E. HOLBROOK, JR., P.J., and BRONSON
and D. F. WALSH, JJ.

BRONSON, J. Loretta E. Rogoski filed a complaint
alleging that defendants conspired to perpetrate a
fraud upon her by agreeing that Elden Nedeau, an
assessor for the City of Muskegon, would give false
testimony concerning the value of Mrs. Rogoski's
property in a previous condemnation proceeding.[1]
The trial court summarily dismissed the suit, hold-
ing that, if it was characterized as an independent
action for damages it failed to state a cause of
action and, if the suit was characterized as an
equitable action to set aside the previous judg-
ment, it had to fail because it was untimely and
plaintiff had not exhausted his legal remedies.
Thereafter, plaintiff filed a motion under this con-
troversy's entitlement seeking relief from judg-
ment based upon GCR 1963, 528.3(3). This motion
was denied by order of the circuit court dated
September 22, 1980. Plaintiff now appeals as of
right.

The procedural history of this case is highly
relevant to a full understanding of the matter. Set
forth below are the salient facts.

In the original condemnation proceeding, Judge
John H. Piercey tried the matter without a jury.
On July 10, 1973, a judgment awarding Loretta

---

[1] Mrs. Rogoski died on July 3, 1979, and her personal representa-
tive, Alexis J. Rogoski, has been substituted as the named plaintiff by
order of this Court.

Rogoski $18,500 for the property in dispute, along with costs, was entered in Muskegon County Circuit Court case file No. C-5442. No effort was ever made to appeal this judgment.

The instant action was commenced on December 13, 1977, and alleged that Mrs. Rogoski became aware that the city's appraiser, defendant Nedeau, had given false testimony and withheld information from the court in the original condemnation proceeding. Plaintiff sought special and punitive damages in the combined amount of some $28,000. This action was denominated 77-11426-CZ by the Muskegon County Circuit Court.

Defendants filed motions for summary and accelerated judgment. These motions were initially denied by a visiting district court judge. However, upon rehearing, the Honorable R. Max Daniels dismissed the action by order entered sometime in June, 1979, for the reasons stated in the first paragraph of this opinion.

Plaintiff then sought leave to file a delayed appeal in this Court. By order dated January 25, 1980, this Court denied plaintiff's application, "but without prejudice to plaintiff's right to pursue a motion for relief from judgment pursuant to GCR 1963, 528.3". Plaintiff then brought a motion for relief in this Court. This motion was treated as an application for rehearing, and by order dated March 26, 1980, a rehearing was denied but once again without prejudice to plaintiff's "right to pursue a motion for relief from judgment *in the trial court*". (Emphasis in the original.)

On September 9, 1980, plaintiff filed motions for relief from judgment in respect to the original condemnation action (C-5442) and the subsequent action alleging fraud (77-11425-CZ). In the latter case, the one under consideration here, Judge

Daniels denied the motion in an order dated September 22, 1980. Judge Piercey also denied the motion in respect to the original condemnation proceeding. In an opinion dated November 18, 1980, Judge Piercey stated that he continued to believe the $18,500 awarded Mrs. Rogoski for her property was fair, and that plaintiff had failed to make a prima facie showing of fraud upon the court sufficient to warrant an evidentiary hearing. From the materials at hand, we are unable to ascertain whether plaintiff has appealed this decision.

Plaintiff relies on the following portion of GCR 1963, 528.3 for the proposition that he is entitled to relief from the original condemnation action via this proceeding:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in sub-rule 528.2 above, or to set aside a judgment for fraud upon the court."

The portion of GCR 1963, 528.3, above, allows an independent action based in equity to *relieve* a litigant from the effects of a judgment or order. However, in this action plaintiff is seeking more than mere relief from judgment, that is, the setting aside of the previous judgment in the condemnation proceeding. Instead, plaintiff seeks damages from defendants on an independent theory of recovery, to-wit: fraud and conspiracy to defraud. The committee comment on GCR 1963, 528.3 clearly states that the court rule creates no substantive law but merely prescribes the practice to follow for litigants seeking relief. See *Kita v Matuszak,* 55 Mich App 288, 294-295; 222 NW2d 216

(1974), *lv den* 393 Mich 769 (1974). Plaintiff cites us no cases indicating that the substantive law of Michigan has ever allowed an independent action for damages on facts like those presented in the case at bar, and our research uncovers none.

Assuming, *arguendo,* that the rule allows an independent cause of action for damages in an appropriate case, we would still hold that plaintiff has failed to state a claim upon which relief can be granted. GCR 1963, 117.2(1). Whether a civil action can be brought to secure damages for conspiracy to commit perjury is an issue of first impression within this state, but we believe the general rule stated in 60 Am Jur 2d, Perjury, § 75, pp 1012-1013, is also the law of Michigan:

"It is the general rule that no civil action for damages lies for false testimony, or for subornation of false testimony. Thus, it has been held that false testimony in a criminal action that results in a conviction of the plaintiff does not furnish the basis of a civil suit to recover damages, and that no action for damages lies for false testimony in a civil suit whereby the plaintiff fails to recover a judgment, or a judgment is rendered against him. Likewise, one to whom an interest in a prospective judgment has been assigned has no right of action for the loss of the judgment to his assignor by reason of false testimony given by the defendant. And it has been held that if the parties to an action for giving false testimony are the same as those to the action in which the testimony was given, there can be no recovery; in such an action, estoppel by judgment would appear to be a complete defense. Otherwise, it is said, there would be no end of litigation.

"It is also the general rule that no civil action for damages lies for conspiracy to give, or to procure the giving of, false testimony. Liability for conspiring to give false testimony has been upheld, however, where the plaintiff and the defendants were not parties to the action in which the false testimony was given. Also, in

several cases it has been held or recognized that an action will lie where the perjury was a means to, or a step in, the accomplishment of some larger actionable conspiracy." (Footnotes omitted.)

See also 70 CJS, Perjury, § 93, p 559; Anno: *Testimony of Witness as Basis of Civil Action for Damages,* 54 ALR2d 1298, § 7.

The common law of England recognized no cause of action based upon a witness's false testimony. In *Damport v Sympson,* 78 Eng Rep 769 (1598), the King's Bench rejected plaintiff's cause of action seeking damages for defendant's allegedly perjured testimony in respect to the value of certain personalty in issue in an earlier proceeding. The King's Bench stated that no precedent allowing such a suit could be found, and it would not create a new cause of action. See also *Harding v Bodman,* 123 Eng Rep 1064 (1618).

By Const 1963, art 3, § 7, the English common law, so far as it is not repugnant to the Federal and state constitutions and statute, remains in full force and effect. See *Stout v Keyes,* 2 Doug 184 (Mich, 1845). Michigan has neither constitutional nor statutory authority in conflict with the common law as regards a civil cause of action for the giving of perjured testimony. Thus, pursuant to the common law, no such cause of action exists in Michigan.

Were we to construe plaintiff's second suit merely as one seeking relief from the earlier judgment, the result would be no different. The portion of GCR 1963, 528.3 which plaintiff's action proceeds under only entitles a litigant to relief from a judgment procured by extrinsic fraud. Extrinsic fraud is a fraud which actually prevents the losing party from having an adversary trial on a significant issue. *Fawcett v Atherton,* 298 Mich 362, 365;

299 NW 108 (1941). Perjury has been held to be an intrinsic fraud only. *Atherton, supra, Beatty v Brooking,* 9 Mich App 579, 584; 157 NW2d 793 (1968), *Kita, supra.* In *Atherton,* the Supreme Court explained that, while perjury constitutes a fraud in obtaining a judgment, it does not prevent an adversary trial.[2] The litigant confronted with perjury in court has the opportunity to rebut the perjured testimony through his own case. As *Atherton* states, while the rule may seem harsh in individual cases, litigation must have some finality and, if allegedly perjured testimony could serve as the basis for a new action to set aside a judgment, litigation of a dispute could go on *ad infinitum.*[3]

This does not mean that a litigant is never entitled to relief from a judgment obtained by intrinsic fraud. However, this relief cannot be by independent action but, rather, must be by motion in the case in which the adverse judgment was rendered. GCR 1963, 528.3(3), which provides for

[2] See also 11 Wright & Miller, *Federal Practice & Procedure,* § 2870, pp 256-257, where the authors discuss the question of whether an independent action to set aside a judgment can be brought on the basis of perjured testimony under FR Civ P 60(b), from which GCR 1963, 528.3 is derived. The authors note that mere perjury by a witness is not generally considered a "fraud upon the court".

[3] *Allen v Allen,* 341 Mich 543; 67 NW2d 805 (1954), cited by plaintiff, seemingly conflicts with the proposition that perjury constitutes a mere intrinsic fraud on the court. *Allen* explicitly found that plaintiff's perjury in a divorce action was an extrinsic fraud working a fraud upon the court. A brief review of *Allen* shows that it is quite unlike this case. In *Allen,* plaintiff was pregnant by a man not her husband at the time she obtained the divorce. Under the then prevailing divorce law, a party's marital misconduct was an absolute bar to that party's ability to obtain a divorce. Had the trial court known of plaintiff's misconduct, by law it would have been powerless to grant the divorce. Plaintiff obtained the divorce by *pro confesso* decree and the court was not apprised of the truth. The perjury in *Allen,* then, actually did prevent the court from considering a significant legal issue which affected its power to grant the relief sought. Even if the perjury in *Allen* was mischaracterized by the Court, it is to be noted that relief in that case was sought through a motion to set aside the divorce decree entered in that cause, rather than through an independent action.

relief from judgment for an intrinsic fraud, is limited by later provisions of the rule to cases where the party seeking relief brings a motion within a reasonable time not to exceed one year after the judgment is taken.[4] Thus, even if plaintiff's case is construed solely as one attempting to set aside a prior judgment, the theory under which plaintiff proceeds—intrinsic fraud—is not grounds for relief from a prior judgment via an independent action.[5]

The trial court most ably analyzed the procedural posture of this cause and correctly resolved the issues raised. We do not address plaintiff's other issues since we conclude this action is barred. Nor do we address the prospects for success should plaintiff choose to appeal Judge Piercey's order in the original condemnation proceeding denying his motion for relief from judgment.

Affirmed. Defendants-appellees may tax costs.

---

[4] We do not address the issue of whether the one-year limitations period imposed by GCR 1963, 528.3 may be tolled until a party learns of the perjury. Plaintiff admits in his brief that the alleged perjury was discovered in January, 1974, yet this action was not filed until December, 1977.  .

[5] We have stated that GCR 1963, 528.3(3) does not allow for relief by an independent action. This broad statement should be qualified to some extent. That is, we do not address whether an independent action would be an appropriate means of seeking relief on the basis of intrinsic fraud if the action were brought within the one-year limitations period imposed by the rule.