## COURTNEY v FELDSTEIN

Docket No. 74434. Submitted October 9, 1984, at Detroit.—Decided
September 10, 1985. Leave to appeal denied, 424 Mich 900.

Karen Courtney, hereinafter plaintiff, and James Courtney, here-
inafter defendant, were granted a judgment of divorce in the
Wayne Circuit Court. One of the major issues in the divorce
proceedings was the value of defendant's property, including
his interest in two corporations. Based on the information
supplied by defendant, the parties reached a property settle-
ment in which defendant's interest in the two corporations was
valued at $115,000. The property settlement was incorporated
in the judgment of divorce. Plaintiff subsequently learned that
approximately one year after the judgment of divorce was
entered defendant sold his interest in the two corporations for
$1,266,963. Plaintiff also learned that during the divorce pro-
ceedings defendant was negotiating for the sale of his interest
in these corporations and was offered $712,670. Plaintiff then
brought the present lawsuit in the Wayne Circuit Court against
Robert Z. Feldstein, Robert Z. Feldstein, P.C., and James Court-
ney. In Count I of her complaint plaintiff sought equitable
relief from the divorce judgment and its property settlement
provisions. In Count II plaintiff sought damages from Courtney
for fraud and misrepresentation in regard to his alleged
fraudulent concealment of the value of his interest in the
corporations. In Count III plaintiff sought damages from Robert
Z. Feldstein and Robert Z. Feldstein, P.C., her attorneys in the
divorce proceedings, for alleged malpractice for failure to dis-
cover the proper value of defendant's interest in the corpora-
tions. The trial court, Thomas J. Brennan, J., granted defen-
dant's motion for accelerated judgment on Count I. The trial

REFERENCES

Am Jur 2d, Divorce and Separation §§ 74 et seq., 478.

Am Jur 2d, Fraud and Deceit §§ 12 et seq.

Am Jur 2d, Judgments §§ 394 et seq., 671 et seq., 1080 et seq.

Vacating or setting aside divorce decree after remarriage of party.
17 ALR4th 1153.

Modern views of state courts as to whether consent judgment is
entitled to res judicata or collateral estoppel effect. 91 ALR3d
1170.

court thereafter denied defendant's motion for accelerated judgment on Count II, holding that res judicata did not bar this action. Defendant appeals by leave granted from the order denying an accelerated judgment on Count II. *Held:*

1. The trial court properly found that plaintiff's cause of action for fraud, Count II, is not barred by res judicata.

2. Plaintiff may maintain an independent claim for damages resulting from defendant Courtney's alleged fraudulent conduct. As a general proposition, the principles of res judicata may not be invoked to sustain fraud.

3. The fact that Mr. Courtney, the defendant in this fraud action, was also the defendant in the divorce proceedings does not make him immune from a civil action for damages for alleged fraudulent conduct which partly occurred during the divorce proceedings.

4. Plaintiff did not suffer damage until the unfavorable property settlement was incorporated in the judgment of divorce. Plaintiff, therefore, did not have a claim of fraud against defendant while the divorce proceedings were pending.

Affirmed.

C. M. FORSTER, J., dissented. He would hold:

(1) That the trial court erred by declining to hold that the fraud count of plaintiff's complaint, Count II, was barred by res judicata and by denying defendant's motion for accelerated judgment. He noted that, even if plaintiff demonstrated that fraud took place, resolution of plaintiff's claim for damages for fraud would require the court to redetermine matters actually litigated and settled in the divorce action.

(2) Plaintiff's fraud claim failed to state a claim on which relief could be granted, since the Court of Appeals has held that actions to recover damages for fraud or perjury in connection with a prior action are not permitted.

(3) Plaintiff could seek relief from the judgment of divorce pursuant to GCR 1963, 528.3 (now MCR 2.612[C]). Judge Forster also noted that an independent equitable action to obtain relief from a judgment is permitted in certain limited circumstances.

He would reverse the trial court's denial of defendant's motion for accelerated judgment on the fraud count of plaintiff's complaint, Count II.

OPINION OF THE COURT

1. FRAUD — RES JUDICATA.

The principles of res judicata generally may not be invoked to sustain fraud.

2. JUDGMENTS — FRAUD — CONSENT JUDGMENTS — ACTIONS.

A judgment or decree entered in accordance with the settlement of a claim does not bar an independent action for damages resulting from fraud where the wrongdoer fraudulently conceals his wrong from the injured person, who agrees, in ignorance of the wrong, to the settlement and entry of the judgment or decree; there may be a claim for damages based upon fraudulent inducement to enter a consent judgment.

3. APPEAL — RES JUDICATA.

Michigan follows a broad rule of res judicata which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.

4. FRAUD — ACTIONS — DAMAGES.

The plaintiff must have suffered damage in order for actionable fraud to exist.

DISSENT BY C. M. FORSTER, J.

5. ACTIONS — FRAUD.

*A separate action against the opposing party in a prior action to recover damages for fraud or perjury in connection with the prior action is not permitted.*

6. APPEAL — JUDGMENTS — RELIEF FROM JUDGMENTS.

*A court of equity will not assume jurisdiction to set aside a judgment of a court of law of competent jurisdiction on the ground that it is contrary to equity, unless the defendant in the judgment was ignorant of the fact in question pending the suit, or it could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident or the act of the opposite party from availing himself of the defense; such a judgment will not be set aside by a court of equity unless it is so manifestly wrong that it is against good conscience, and there must be ignorance of the defense when the judgment was rendered, diligence on the part of the complainant, and the fact that adequate relief cannot be had at law.*

7. DIVORCE — APPEAL — FRAUD — COURT RULES.

*A party to a divorce action may seek relief from the judgment rendered in the action for the fraud of the opposing party pursuant to the court rule pertaining thereto (GCR 1963, 528.3; MCR 2.612[C]).*

*Larson & Harms, P.C. (by David M. Tyrpak),* for plaintiff.

*Law Offices of Clarence R. Charest, P.C. (by C. R. Charest, Jr.),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and T. M. BURNS and C. M. FORSTER,* JJ.

PER CURIAM. In a previous lawsuit, plaintiff, Karen Courtney, and defendant James Courtney (hereafter defendant) were divorced. One of the major issues in the divorce proceedings was the value of James Courtney's property, including his interest in two corporations, Century 21 of Michigan, Inc., and Century 21-Hartford West, Inc. Based on the information Mr. Courtney supplied, the parties reached a property settlement in which Mr. Courtney's interest in the two corporations was valued at $115,000. This property settlement was incorporated in the judgment of divorce. Plaintiff subsequently learned that approximately one year after the judgment of divorce was entered Mr. Courtney sold his interest in the two corporations for $1,266,963. Ms. Courtney also learned that during the divorce proceedings Mr. Courtney was negotiating for the sale of his interest in these corporations and was offered $712,670. Ms. Courtney then brought this lawsuit alleging, *inter alia,* that Mr. Courtney fraudulently concealed the value of his interest in the two corporations during the divorce proceedings which induced her to enter into the unfavorable property settlement. The trial court denied defendant's motion for accelerated judgment on Count II which alleged that res judicata bars this action and defendant now appeals by leave granted.

The trial court properly found that plaintiff's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cause of action for fraud, Count II, is not barred by res judicata. As a general proposition, the principles of res judicata may not be invoked to sustain fraud. 37 Am Jur 2d, Fraud and Deceit, § 488, p 676. Defendant's reliance on *Rogoski v Muskegon,* 107 Mich App 730; 309 NW2d 718 (1981), is misplaced. In *Rogoski,* this Court noted that there were no previous Michigan cases which allowed an independent action for fraud which occurred during a prior lawsuit. The Court then assumed for the sake of argument that the plaintiff could bring such an action, but found that she had no claim for damages for the defendant's alleged conspiracy to commit perjury. 107 Mich App 735-736. The Court in *Rogoski* therefore did not hold that actions to recover damages for fraud are not permitted. This Court in *Rogoski* did consider whether a claim of extrinsic fraud is sufficient to seek relief from an earlier judgment. 107 Mich App 736. Since, in the instant case, Count I of plaintiff's complaint, which was based on fraud and sought equitable relief from the earlier divorce judgment, was dismissed pursuant to defendant's motion for accelerated judgment on Count I, this issue is not before us and this portion of *Rogoski* is inapplicable.

Plaintiff may maintain an independent claim for damages resulting from defendant's alleged fraudulent conduct. To hold otherwise is contrary to the general rule that the principles of res judicata may not be invoked to sustain fraud. As stated in 37 Am Jur 2d, Fraud and Deceit, § 488, p 676:

"It has been held that a judgment or decree entered in accordance with the settlement of a claim does not bar an action for damages resulting from fraud where the wrongdoer fraudulently conceals his wrong from the injured person, who agrees, in ignorance of the

wrong, to the settlement and entry of the judgment or decree.[16]"

---

"[16] *Ross v Preston,* 292 NY 433; 55 NE2d 490 (1944) (the court saying that in such a ·case the entry of a judgment is merely an incident of the fraud which has been perpetrated outside the action, and the reason that the judgment settling the claim does not preclude proof of the antecedent fraud is that the trial and judgment are only a step in the consummation of the antecedent fraud), *reh den* 293 NY 664; 56 NE2d 258 (1944); *Gould v Cayuga Co Bank,* 99 NY 333; 2 NE 16 (1885); *Verplanck v Van Buren,* 76 NY 247 (1879)."

---

In light of this rule, we are unable to distinguish this case from *Gorman v Soble,* 120 Mich App 831; 328 NW2d 119 (1982). In that case, this Court recognized a claim for damages based on fraudulent inducement to enter a consent judgment. The fact that Mr. Courtney, the defendant in this fraud action, also was the defendant in the divorce proceedings does not make him immune from a civil action for damages for alleged fraudulent conduct which partly occurred during the divorce proceedings. Michigan follows a broad rule of res judicata which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not. *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975); *Gursten v Kenney,* 375 Mich 330, 333-335; 134 NW2d 764 (1965). In order for actionable fraud to exist, the plaintiff must have suffered damage. *Mazzola v Vineyard Homes,Inc,* 54 Mich App 608; 221 NW2d 406 (1974). In the instant case, plaintiff did not suffer damage until the unfavorable property settlement was incorporated in the judgment of divorce. Plaintiff therefore did not have a claim of fraud against defendant while the divorce proceedings were pending. While the value of defendant's

interest in the two corporations was an issue in the divorce proceedings, the plaintiff has a separate and independant claim of fraud which could not have been raised during the divorce proceedings since it did not accrue until the judgment of divorce was entered. The trial court therefore properly denied defendant's motion for accelerated judgment on Count II of plaintiff's complaint.

Affirmed.

C. M. FORSTER, J., *(dissenting)*. I respectfully dissent.

As the majority points out, Michigan follows a broad rule of res judicata which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not. *Gursten v Kenney,* 375 Mich 330, 334-335; 134 NW2d 764 (1965); *Curry v Detroit,* 394 Mich 327, 332; 231 NW2d 57 (1975); *Gose v Monroe Auto Equipment Co,* 409 Mich 147, 160; 294 NW2d 165 (1980). Plaintiff correctly points out that her claim of fraud was not actually litigated in the divorce action and, by its very nature, could not have been litigated in the divorce action. However, even if plaintiff demonstrated that fraud took place, resolution of plaintiff's claim for damages for fraud would require the court to redetermine matters actually litigated and settled in the divorce action, such as the value of the assets in question and the appropriate division of the parties' property. The circuit court erred by declining to hold that the fraud count of plaintiff's complaint, Count II, was barred by res judicata and by denying defendant's motion for accelerated judgment pursuant to GCR 1963, 116.1(5).

Moreover, in *Rogoski v Muskegon,* 107 Mich

App 730, 734-738; 309 NW2d 718 (1981), this Court held that actions to recover damages for fraud or perjury in connection with a prior action are not permitted. Plaintiff claims that a contrary result was reached in *Gorman v Soble,* 120 Mich App 831; 328 NW2d 119 (1982), but that case is distinguishable. A close examination of the *Gorman* opinion reveals that plaintiff in that case sought to recover damages from his codefendant in a prior action for fraudulently inducing him to settle. 120 Mich App 836-837. In contrast, *Rogoski* and this case involve actions against the opposing party in prior actions. *Gorman* contains no discussion of the problems explained in *Rogoski* or presented here. Plaintiff's fraud claim failed to state a claim on which relief could be granted.

This result would not leave plaintiff without a remedy for any fraud by defendant in the divorce action. Plaintiff could seek relief from the judgment in the divorce action pursuant to GCR 1963, 528.3 (now MCR 2.612[C]). Moreover, an independent equitable action to obtain relief from a judgment is permitted in certain limited circumstances specified in *Detroit Trust Co v Furbeck,* 324 Mich 401, 414-415; 37 NW2d 151 (1949):

" '[A] court of equity will not assume jurisdiction to set aside a judgment of a court at law of competent jurisdiction on the ground that it is contrary to equity, *unless the defendant in the judgment was ignorant of the fact in question pending the suit,* or it could not be received as a defense at law, or unless, without any neglect or default on his part, he was prevented by fraud or accident or the act of the opposite party from availing himself of the defense.' *Valley City Desk Co v Travelers' Insurance Co,* 143 Mich 468 [106 NW 1125 (1906)].

" 'A judgment in a court of law will not be set aside by a court of equity unless it is so manifestly wrong

that it is against good conscience. *Cleveland Iron Mining Co v Husby,* 72 Mich 61 [40 NW 168 (1888)]. In order to set aside a judgment of law in equity, *there must be ignorance of the defense* when the judgment was rendered, diligence on the part of complainant, and the fact that adequate relief cannot be had at law.' *Bassett v Trinity Bldg Co,* 254 Mich 207 [236 NW 237 (1931)]." (Emphasis in original.)

I note that plaintiff has informed us that she has elected to pursue a motion for relief from the prior judgment pursuant to GCR 1963, 528.3.

I would reverse the trial court's denial of defendant's motion for accelerated judgment on the fraud count of plaintiff's complaint, Count II.