TRIPLETT v ST AMOUR

Docket Nos. 129864, 131543. Submitted May 5, 1992, at Grand Rapids. Decided May 18, 1992, at 9:40 A.M. Leave to appeal sought.

Victor B. Triplett and others brought an action in the Kalkaska Circuit Court against Patricia and William St. Amour, seeking damages for fraud related to the settlement of a personal injury action brought by the defendants against the plaintiffs in the Cheboygan Circuit Court after Patricia St. Amour sustained injury in an automobile accident. The plaintiffs alleged that the defendants fraudulently concealed before settlement the fact that Patricia St. Amour had injured her arm and sought medical treatment before the accident. The Kalkaska Circuit Court, William A. Porter, J., granted summary disposition for the defendants, ruling that the plaintiffs could not bring an independent action for fraud and that their sole remedy was to seek relief from the Cheboygan Circuit Court order that dismissed the earlier action at the request of the parties. The Kalkaska Circuit Court also denied the defendants' motion for costs and attorney fees as sanctions for improper venue and for a frivolous action. The plaintiffs appealed the grant of summary disposition, and the defendants appealed the denial of their request for costs and attorney fees. The appeals were consolidated.

The Court of Appeals *held:*

The trial court erred in summarily dismissing the plaintiffs' action for fraud, but correctly denied the defendants' request for sanctions.

1. A judgment or decree entered in accordance with the settlement of a claim does not bar an independent action for damages resulting from fraud where the wrongdoer fraudulently concealed the wrong from the injured person, who agreed, in ignorance of the wrong, to the settlement and entry of the judgment or decree.

2. Because the trial court did not address the question of venue, and summary disposition of the plaintiffs' action was erroneously granted, the defendants have no basis for seeking sanctions at this time.

Affirmed in part, reversed in part, and remanded.

*Fordney, Cady, Mastromarco & Jahn, P.C.* (by *Victor J. Mastromarco, Jr.*), for the plaintiffs.

*Sumpter, Perry & McDonald* (by *Thomas E. McDonald*), for the defendants.

Before: HOOD, P.J., and CONNOR and R. C. KAUF-MAN,* JJ.

CONNOR, J. Plaintiffs appeal as of right in Docket No. 129864 from the trial court's May 21, 1990, order granting defendants summary disposition. Defendants also have appealed in Docket No. 131543 from the trial court's July 30, 1990, order denying their request for costs, sanctions, and attorney fees. We reverse the trial court's grant of summary disposition and remand this matter to the trial court for additional proceedings.

Originally, defendants had sued plaintiffs Victor Triplett and Trinity Chemical Company for injuries defendant Patricia St. Amour allegedly received in a motor vehicle accident on February 26, 1986. The parties reached an agreement to settle all claims against plaintiffs for $20,000. Plaintiff Federated Mutual Insurance Company had provided insurance and participated in the defense of the action against the plaintiffs. On May 3, 1988, the Cheboygan Circuit Court, pursuant to the parties' stipulation, entered an order dismissing the case with prejudice.

Sometime after the original case was dismissed, plaintiffs claimed to have newly discovered that before the automobile accident involving plaintiffs, Patricia St. Amour had suffered an injury to her arm for which she received treatment on January 29, 1986. During the course of discovery and settlement negotiations, plaintiffs alleged that defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dants had denied that Patricia St. Amour had suffered any previous arm injuries. Plaintiffs apparently learned of the prior treatment when defendants sued the treating physician for disclosing information about defendant Patricia St. Amour's treatment and injury.

Plaintiffs sued defendants in the Kalkaska Circuit Court, alleging fraud related to the settlement agreement on the basis of undisclosed information about Patricia St. Amour's medical condition. Plaintiffs' second amended complaint included allegations of fraud in tort and did not request recision of the settlement agreement or the order of dismissal. Plaintiffs also requested damages for the cost of defending in the prior action.

The trial court granted summary disposition for defendants, MCR 2.116(C)(8), and dismissed this action for failure to state a claim upon which relief could be granted. The lower court held that plaintiffs' case involved intrinsic fraud, and therefore the remedy was not to bring an independent action but rather to seek relief from the prior order entered pursuant to the settlement agreement, MCR 2.612(C)(1). The trial court did not believe that these facts would support an independent cause of action, either at law or in equity. We disagree.

A motion under MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted, is designed to test the legal sufficiency of a claim by the pleadings alone. All factual allegations, and any fair inferences drawn therefrom, in support of the claim are accepted as true. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Kassab v Michigan Basic Property Ins Ass'n,*

185 Mich App 206, 212-213; 460 NW2d 300 (1990), lv gtd 439 Mich 864 (1991).

We conclude from our review of the second amended complaint that plaintiffs were seeking damages that flowed from the execution of the settlement agreement with defendants, as well as costs associated with defending in the original case. Plaintiffs were not seeking to set aside the settlement with defendants, but were alleging an action at law for fraud.

The trial court believed, on the basis of *Rogoski v Muskegon,* 107 Mich App 730; 309 NW2d 718 (1981), that a new action for fraud could not be brought in this case because the prior action was a bar under either res judicata or collateral estoppel. Consequently, plaintiffs' only remedy was to move for relief from the order of dismissal in the Cheboygan Circuit Court in accordance with MCR 2.612(C)(1). The trial court also believed an independent action in equity for relief from the order of dismissal and the settlement agreement could not be maintained under MCR 2.612(C)(3) because this case did not involve extrinsic fraud. We believe the trial court erred.

The holding in *Rogoski* was distinguished by the panel in *Courtney v Feldstein,* 147 Mich App 70; 382 NW2d 734 (1985). In *Courtney,* p 73, the plaintiff filed a separate action for fraud against her former husband, alleging that the husband induced the plaintiff to enter into an unfavorable property settlement by fraudulently concealing the value of his interests in two corporations during the divorce action.

The majority panel in *Courtney* held that the plaintiff could maintain an independent action for fraud and was not barred by the doctrine of res judicata. The opinion quoted from 37 Am Jur 2d, Fraud and Deceit, § 488, p 676, as follows:

"It has been held that a judgment or decree entered in accordance with the settlement of a claim does not bar an action for damages resulting from fraud where the wrongdoer fraudulently conceals his wrong from the injured person, who agrees, in ignorance of the wrong, to the settlement and entry of the judgment or decree.[16]"

[16] *Ross v Preston,* 292 NY 433; 55 NE2d 490 (1944) (the court saying that in such a case the entry of a judgment is merely an incident of the fraud which has been perpetrated outside the action, and the reason that the judgment settling the claim does not preclude proof of the antecedent fraud is that the trial and judgment are only a step in the consummation of the antecedent fraud), *reh den* 293 NY 664; 56 NE2d 258 (1944); *Gould v Cayuga Co Bank,* 99 NY 333; 2 NE 16 (1885); *Verplanck v Van Buren,* 76 NY 247 (1879)."

Although neither the parties nor the trial court fully addressed this issue because the parties failed to cite *Courtney,* we believe that by ruling that plaintiffs could not file a separate action for fraud, but had to seek relief from their previous settlement in the prior action only, the trial court held, in effect, that an independent action for fraud was barred by the doctrine of res judicata or collateral estoppel because of the prior action. We do not believe the fact that this action involves a previous case limits plaintiffs' remedies to merely setting aside the previous order of dismissal.

Plaintiffs do not want to simply avoid the prior release, such as an injured party may want to do in order not to be barred from filing suit. See *Style v Greenslade,* 364 Mich 679, 680-681; 112 NW2d 92 (1961). Rather, plaintiffs are seeking a remedy in tort for fraud in association with the former lawsuit. As the panel in *Courtney* pointed out, the fact that the lawsuit was used as a means to obtain an allegedly fraudulently induced settlement does not act as a bar to a separate action for fraud. Res judicata will not bar such an action

because the fraud is not a basis of the previous decision. Consequently, under the limited standard of review for motions under MCR 2.116(C)(8), we believe the trial court erroneously granted summary disposition in this case.

In light of our conclusion that summary disposition should not have been granted, we need not address the merits of plaintiffs' issue concerning amendment of their complaint. Likewise, the issues defendants have raised in Docket No. 131543, concerning the trial court's decision to deny costs, sanctions, and attorney fees for improper venue and frivolous pleadings need not be reached at this time. Because the trial court never addressed the issue of venue and we believe the decision to grant summary disposition was wrong, we do not believe at this time defendants have any basis for seeking sanctions for frivolous pleadings.

Affirmed in part, reversed in part, and remanded for additional proceedings. We do not retain jurisdiction.