STALLWORTH v HAZEL

Docket No. 96789. Submitted December 16, 1987, at Detroit. Decided March 21, 1988.

Camille Stallworth filed a paternity complaint against William Hazel in Wayne Circuit Court alleging that defendant was the father of her daughter. Defendant denied paternity, claiming that his son was the father of the child. It was stipulated by the parties that defendant's son, Leroy Hazel, would submit to a blood test and polygraph examination, but neither the blood test nor the polygraph examination was administered prior to trial. At trial plaintiff, defendant, and Leroy Hazel all testified and a note written by defendant to plaintiff, which suggested that plaintiff and defendant were cohabiting at that time, was admitted into evidence. Defendant admitted writing the note, but denied putting the date on it. The jury found that defendant was not the father of plaintiff's daughter. Plaintiff moved for judgment notwithstanding the verdict, for a new trial, and for relief from judgment, producing the results of a blood test which excluded Leroy Hazel as the father of plaintiff's daughter and the opinion of a handwriting analyst that the date on the letter which was admitted into evidence was written by defendant. The motions were denied, Harry J. Dingeman, Jr., J., on the ground that the blood test results and the handwriting analysis could have been discovered before trial by the exercise of due diligence. The court also ruled that the verdict of the jury was not against the great weight of the evidence. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's claim that defendant testified falsely when he stated that he saw plaintiff and Leroy in sexual intercourse and that such false testimony was a deliberate misrepresentation resulting in fraud and requiring a new trial is without merit.

2. The trial court correctly denied plaintiff's motion for a new

REFERENCES

Am Jur 2d, Fraud and Deceit § 5; Judgments §§ 106, 118, 675, 676, 826; New Trial §§ 140, 164-182.

See the annotations in the Index to Annotations under Newly Discovered Evidence and New Trials.

trial wherein she asserted that defendant perjured himself by stating that he had not written the date which was on the letter introduced into evidence. Plaintiff's production of the opinion of a document examiner that the date on the letter was written by defendant is not grounds for a new trial. The opinion of the document examiner could have, with due diligence, been produced at trial.

3. The trial court, having the opportunity to observe the witnesses, did not abuse its discretion by refusing to grant a new trial on the ground that the jury's verdict was against the great weight of the evidence.

4. Plaintiff cannot obtain a new trial based on fraud where the allegations of fraud are dependent upon newly discovered evidence which could have been produced at trial.

5. Relief from judgment based upon extraordinary circumstances is not available to plaintiff since the circumstances alleged are covered by the court rule on relief from judgment based upon fraud and newly discovered evidence.

6. Plaintiff's contention that the trial judge erred in failing to disqualify himself sua sponte from the case after plaintiff filed a grievance against him has not been preserved for appeal.

Affirmed.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL — COURT RULES.

The Court of Appeals, in reviewing a trial court's denial of a motion for judgment notwithstanding the verdict, should inquire whether the jury's verdict was against the great weight of the evidence; if reasonable minds could differ as to whether the moving party satisfied the burden of proof, judgment notwithstanding the verdict would be improper (MCR 2.610).

2. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT — APPEAL.

The decision of a trial court in denying a motion for judgment notwithstanding the verdict is afforded great deference because the trial judge, having heard the witnesses, is uniquely qualified to judge the jury's assessment of the witnesses' credibility (MCR 2.610).

3. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — COURT RULES.

A motion for a new trial based upon newly discovered evidence can be granted only if the newly discovered evidence could not with reasonable diligence have been discovered and produced at trial (MCR 2.611[A][1][f]).

4. NEW TRIAL — APPEAL — COURT RULES.

The denial of a motion for a new trial on the ground that the verdict is against the great weight of the evidence is within the discretion of the trial court, and the court's decision will not be disturbed on appeal unless a clear abuse of discretion is shown (MCR 2.611).

5. JUDGMENTS — RELIEF FROM JUDGMENT — FRAUD — EXTRINSIC FRAUD — INTRINSIC FRAUD — COURT RULES.

A party may obtain relief from a judgment procured by fraud in one of two ways, depending upon whether the fraud was extrinsic, i.e., fraud which actually prevents the losing party from having an adversary trial on a significant issue, or intrinsic, i.e., fraud which does not prevent an adversary trial; relief from a judgment procured by intrinsic fraud must be by motion in the case in which the adverse judgment was rendered, while relief from a judgment procured by extrinsic fraud may be by an independent action (MCR 2.612[C]).

6. PERJURY — INTRINSIC FRAUD.

Perjury is merely intrinsic fraud; while it constitutes fraud in obtaining a judgment, it does not prevent an adversary trial.

7. JUDGMENTS — RELIEF FROM JUDGMENT — COURT RULES.

The court rules provide several specific grounds for relief from a judgment or order and also provide for relief for "[a]ny other reason justifying relief from the operation of the judgment"; relief generally has been granted under the "any other reason" provision where the judgment was obtained by the improper conduct of the party in whose favor it was rendered, or where it resulted from the excusable default of the party against whom it was directed, under circumstances not covered by the other specific grounds listed in the court rule and where the substantial rights of other parties in the matter in controversy were not affected (MCR 2.612[C][1][f]).

*Monash, Monash & Goldberg, P.C.* (by *Harold B. Goldberg*), for plaintiff.

*Gerald A. Sniderman,* for defendant.

Before: D. F. WALSH, P.J., and G. R. MCDONALD and P. NICOLICH,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

G. R. McDonald, J. Plaintiff appeals as of right from the trial court's denial of her motion for judgment notwithstanding the verdict, for new trial, and for relief from judgment. MCR 2.610, 2.611, 2.612. We affirm.

On December 17, 1984, plaintiff filed a paternity complaint against defendant, alleging that defendant was the father of Jennifer Hazel, who was born on February 28, 1982, and conceived on or about June 15, 1981. Defendant denied paternity, claiming that his son, Leroy Hazel, was the child's father. At a pretrial hearing the parties stipulated that Leroy would submit to a blood test and polygraph examination, and Leroy consented to this arrangement. However, no blood test or polygraph was administered to Leroy prior to trial.

At trial defendant testified that he and plaintiff did not have intercourse after March 1, 1981, the night he allegedly found plaintiff and his son, Leroy, in bed together. According to defendant, plaintiff and Leroy began living together. Sometime in July plaintiff allegedly phoned defendant and told him that she and Leroy were having a baby and that defendant was going to pay for it. Plaintiff then told defendant that if he paid Leroy $5,000 and plaintiff $2,500 she would not "press it."

Plaintiff testified that she met defendant in 1979 and began living with him in January, 1981. She lived with defendant on and off until November 13, 1981. Plaintiff denied having intercourse with anyone else while living with defendant and denied having intercourse on any occasion with Leroy. Plaintiff introduced into evidence the results of a blood test which indicated a 99.9 percent probability that defendant, as compared to a random man, was the father of Jennifer Hazel.

Leroy Hazel testified that he never had inter-

course with plaintiff and that in January, 1984, defendant asked him how much it would cost defendant for Leroy to say that the child was Leroy's. Defendant allegedly suggested that Leroy claim the child because child support would be considerably less based on Leroy's income than on defendant's. Leroy stated that he did not take the blood test because he became suspicious of plaintiff's attorney and because he became aware that the person who was to administer the polygraph examination had been convicted of taking bribes.

A note written to plaintiff by defendant, which suggested that plaintiff and defendant were cohabiting at the time the note was written, was introduced into evidence. Defendant admitted that he wrote the note but denied putting the date, 10/22/81, on it.

The jury found that defendant was not the father of Jennifer Hazel. Plaintiff's motion for judgment notwithstanding the verdict was denied. Plaintiff also moved for a new trial, pursuant to MCR 2.611, and for relief from the judgment, pursuant to MCR 2.612. At this time, plaintiff produced the results of a blood test which excluded Leroy Hazel as the father of Jennifer Hazel. Plaintiff also produced the opinion of a handwriting analyst that the date 10/22/81, appearing on the letter which was introduced into evidence, was written by defendant.

The court denied plaintiff's motions. It ruled that the blood test results and the handwriting analysis could have been discovered before trial by the exercise of due diligence. It also ruled that the verdict of the jury was not against the great weight of the evidence.

Plaintiff now appeals from the denial of her motions for judgment notwithstanding the verdict,

for a new trial, and for relief from judgment. We affirm.

In reviewing a trial court's denial of judgment notwithstanding the verdict, this Court should inquire whether the jury's verdict was against the great weight of the evidence, *Beard v Detroit,* 158 Mich App 441; 404 NW2d 770 (1987). Furthermore, the decision of the trial court is afforded great deference because the trial judge, having heard the witnesses, is uniquely qualified to judge the jury's assessment of the witnesses' credibility. *Beard, supra.* If reasonable minds could differ as to whether plaintiff satisfied her burden of proof, judgment notwithstanding the verdict would have been improper. *Production Finishing Corp v Shields,* 158 Mich App 479; 405 NW2d 171 (1987). In this case, reasonable minds could differ as to whether plaintiff proved by a preponderance of the evidence, *Huggins v Rahfeldt,* 83 Mich App 740; 269 NW2d 286 (1978), that defendant was the father of Jennifer Hazel. Defendant testified that he did not have intercourse with plaintiff after March 1, 1981. Plaintiff estimated that the child was conceived on June 15 or 16, 1981. Defendant further testified that he had seen plaintiff engage in intercourse with defendant's son, Leroy Hazel, and that plaintiff had told defendant "Leroy and I are going to have a baby." Although a blood test indicated a 99.9 percent probability that defendant was the father as compared to any random man, a genetics expert testified that similar numbers might be generated in blood tests of male relatives of defendant, due to the genetic similarity between relatives. No analysis of Leroy Hazel's blood was submitted at trial.

Plaintiff's testimony was diametrically opposed to that of defendant. She testified that she had intercourse with defendant on June 15 or 16, 1981,

and that she lived with him until November 13, 1981. Plaintiff and Leroy Hazel both testified that they had not engaged in intercourse.

The conflicting testimony in this case required the jury to judge the credibility of the parties, and that jury decided in favor of defendant. The trial court's judgment of the jury's assessment of the credibility of the witnesses should not be disturbed on appeal.

MCR 2.611(A)(1) provides for a new trial for the following reasons:

> (a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.
>
> (b) Misconduct of the jury or of the prevailing party.
>
> * * *
>
> (e) A verdict or decision against the great weight of the evidence or contrary to law.
>
> (f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial.
>
> * * *
>
> (h) A ground listed in MCR 2.612 warranting a new trial.

Plaintiff has asserted on appeal that a new trial should have been granted pursuant to MCR 2.611(A)(1)(a), (b), (e) and (h). She thus claims that a new trial should have been granted because of irregularities in the proceedings which denied her a fair trial, because of defendant's misconduct, and because the jury's verdict was against the great weight of the evidence.

### MISCONDUCT OF DEFENDANT

At the hearing on the motion for a new trial,

plaintiff produced blood test results which indicated that Leroy Hazel was excluded as the father of Jennifer Hazel. Plaintiff thus concludes that defendant's testimony concerning the sexual relationship between plaintiff and Leroy Hazel was a deliberate misrepresentation, resulting in fraud and requiring a new trial.

The blood test does indicate that Leroy Hazel is not the father of Jennifer Hazel. However, it does not prove that defendant testified falsely when he stated he saw plaintiff and Leroy engaging in sexual intercourse. The claim that defendant's misconduct in so testifying requires a new trial is therefore without merit.

Next, plaintiff asserts that defendant perjured himself by stating that the date 10/22/81, on a note from defendant to plaintiff, was not written by defendant. At the hearing on the motion for a new trial, plaintiff produced the opinion of a document examiner that the date on the letter was written by defendant.

The discovery that testimony introduced at trial was perjured may be grounds for ordering a new trial, *People v Barbara,* 400 Mich 352; 255 NW2d 171 (1977). In *Barbara, supra,* the defendant's claim that trial testimony had been perjured was based on newly discovered evidence, specifically statements by two new witnesses that a trial witness had lied. The Court in *Barbara* discussed the standard for granting a new trial based on newly discovered evidence. See also *People v Bell,* 74 Mich App 270; 253 NW2d 726 (1977); *People v Louis Williams,* 77 Mich App 119; 258 NW2d 68 (1977).

In this case too, plaintiff's claim that defendant perjured himself is dependent upon newly discovered evidence, specifically a handwriting analysis indicating that the date on the letter admitted at

trial was, contrary to defendant's testimony, written by defendant. Because plaintiff's claim that defendant perjured himself is dependent upon newly discovered evidence, the motion should be treated as one based on new evidence. A motion for a new trial based upon newly discovered evidence could be granted only if the newly discovered evidence "could not with reasonable diligence have been discovered and produced at trial," MCR 2.611(A)(1)(f). The trial court's denial of a new trial will not be reversed on appeal unless it was an abuse of discretion. *Willett v Ford Motor Co,* 400 Mich 65; 253 NW2d 111 (1977).

The trial court did not abuse its discretion in denying a new trial in this case. Plaintiff could have produced at trial the evidence which was presented in a posttrial motion. Because plaintiff could have, with due diligence, produced the opinion of a document examiner at trial, the posttrial production of the evidence does not warrant a new trial.

### PROCEDURAL IRREGULARITIES

Plaintiff apparently argues that defendant's alleged perjury is a procedural irregularity. However, we have already dismissed plaintiff's argument that defendant's alleged perjury at trial requires a new trial.

### WEIGHT OF EVIDENCE

The denial of a motion for new trial on the ground that the verdict is against the great weight of the evidence is within the discretion of the trial court. The court's decision will not be disturbed on appeal unless a clear abuse is shown. *Harrigan v Ford Motor Co,* 159 Mich App 776; 406 NW2d 917

(1987). As when reviewing the denial of a motion for judgment notwithstanding the verdict, this Court in considering whether the trial court abused its discretion in denying a motion for a new trial recognizes the unique opportunity of the jury and trial judge to observe the witnesses.

As previously noted, the testimony of plaintiff and defendant was diametrically opposed. On appeal, plaintiff asserts that "[t]he testimony of Dr. Gershowitz that the probability of paternity was 99.99% was in no way rebutted by the defendant-appellee." Dr. Gershowitz also testified at trial, however, that "if you don't exclude male relatives . . . there is a good chance that the number generated will be similar because relatives share these genes."

Given the testimony introduced at trial, the jury was required to make a judgment of credibility of the witnesses. The trial court, having the opportunity to observe the witnesses, did not abuse its discretion by refusing to grant a new trial on the ground that the jury's verdict was against the great weight of the evidence.

Plaintiff also requests a new trial for all the reasons which would warrant relief from the judgment under MCR 2.612. MCR 2.612(C)(1) provides for relief from judgment on the following grounds:

\* \* \*

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

\* \* \*

(f) Any other reason justifying relief from the operation of the judgment.

Plaintiff claims that the trial court should have set aside the judgment in this case because the blood test and handwriting analysis produced after

trial revealed fraud on the part of defendant and because of the extraordinary circumstances of this case.

MCR 2.612 allows two means of obtaining relief from a judgment procured by fraud. A party may obtain relief by motion in the case in which the adverse judgment was rendered, MCR 2.612(C)(1)(c), or the party may proceed by independent action, MCR 2.612(C)(2). The standards for relief under the two sections of MCR 2.612 involve a distinction between extrinsic and intrinsic fraud. Extrinsic fraud is fraud which actually prevents the losing party from having an adversary trial on a significant issue. *Rogoski v Muskegon,* 107 Mich App 730, 736; 309 NW2d 718 (1981). Perjury is merely intrinsic fraud; while it constitutes fraud in obtaining a judgment, it does not prevent an adversary trial. *Id.* at 737.

The Court in *Rogoski* held that a party proceeding in an independent action is entitled to relief only from a judgment procured by extrinsic fraud. The Court stated, however:

> This does not mean that a litigant is never entitled to relief from a judgment obtained by intrinsic fraud. However, this relief cannot be by independent action but, rather, must be by motion in the case in which the adverse judgment was rendered. [*Id.*]

The Court in *Rogoski* did not elaborate on the circumstances which would justify relief by motion in the case, and the matter has not been treated in other Michigan cases.

Plaintiff sought relief in the lower court by motion in the case in which adverse judgment was rendered, MCR 2.612(C)(1)(c). Plaintiff's allegation of fraud rests on newly discovered evidence. The

handwriting analysis produced with plaintiff's posttrial motion, if accepted as reliable, would prove that defendant lied when he stated in court that he did not write the date which appeared on a letter which was introduced into evidence.

Because plaintiff's allegation of perjury is dependent upon newly discovered evidence, we conclude that such perjury should warrant relief from judgment only if it could not have been discovered and rebutted at trial by the exercise of due diligence. Any other result would undermine MCR 2.611(A)(1)(f), which allows a new trial based on newly discovered evidence only when that evidence "could not with reasonable diligence have been discovered and produced at trial." Plaintiff in this case seeks to obtain relief by alleging perjury based on newly discovered evidence without being subject to the restraints placed on such evidence under MCR 2.611.

The blood test excluding Leroy Hazel as the father of Jennifer Hazel does not prove that defendant perjured himself at trial, and the handwriting analysis indicating that the date written on the letter introduced into evidence was written by defendant could have been produced at trial with due diligence. Plaintiff therefore may not obtain a new trial based on fraud where the allegations of fraud are dependent upon newly discovered evidence which could have been produced at trial.

Lastly, plaintiff claims that the extraordinary circumstances of this case warrant setting aside the judgment. MCR 2.612(C)(1)(f) provides for relief based on "[a]ny other reason justifying relief from the operation of the judgment." However, the provision "was not intended to relieve a party of the necessity for protecting his interest by normally prescribed procedures." *Kaleal v Kaleal,* 73 Mich App 181, 189; 250 NW2d 799 (1977), quoting

3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 189. Plaintiff should thus not be relieved of her duty to timely produce evidence for trial. Further, Michigan courts have adopted the federal criteria for the application of the "extraordinary circumstances" provision:

> In general, relief has been granted under this provision where the judgment was obtained by the improper conduct of the party in whose favor it was rendered, or resulted from the excusable default of the party against whom it was directed, *under circumstances not covered by clauses (1) through (5)* and where the substantial rights of other parties in the matter in controversy were not affected. [Emphasis added. *Id.*]

The circumstances alleged by plaintiff are covered by clauses (c) and (b) of MCR 2.612, relating to fraud and to newly discovered evidence. Relief based upon extraordinary circumstances is thus not available to plaintiff.

Plaintiff also asserts on appeal that the trial judge erred in failing to disqualify himself sua sponte from the case after plaintiff filed a grievance against him. However, because plaintiff has cited no authority supporting this proposition, the issue is not preserved for appeal. *People v United States Currency,* 158 Mich App 126; 404 NW2d 634 (1986).

Affirmed.