*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRI DENISE PATTERSON,

Plaintiff-Appellee,

v

WILLIAM JAMES PATTERSON III,

Defendant-Appellant.

UNPUBLISHED
August 15, 2019

No. 347415
Jackson Circuit Court
LC No. 17-003184-DM

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

In this divorce action and custody dispute, defendant appeals as of right the trial court's judgment of divorce and custody determination following a bench trial. Defendant contends that the trial court erred by awarding plaintiff primary physical custody of their two minor children and that this determination was against the weight of the evidence. Defendant also argues that the trial court abused its discretion by not granting his motion for a new trial after he offered allegedly newly discovered evidence. Finally, defendant challenges the trial court's determination that plaintiff receive ½ of the increase in net equity of the parties' marital home from the date of marriage until entry of the divorce judgment. Because the trial court wholly failed to substantively address these latter two contentions when it denied defendant's motion for a new trial, we vacate the order denying defendant's motion for a new trial, and remand for the trial court to either articulate a proper reason for denying defendant's motion or grant a new trial.

In his motion for a new trial, defendant claimed to possess text messages—found sometime after trial concluded—apparently demonstrating (1) sexual infidelity by plaintiff, (2) that plaintiff suffered from undisclosed health concerns, and (3) that plaintiff was deceitful during her trial testimony. Judge Schmucker presided over the bench trial, but Judge Rappleye entered the judgment of divorce. Defendant's motion for a new trial was before Judge Rappleye. In denying defendant's motion for a new trial, Judge Rappleye reasoned:

> [W]e all know that Judge Schmucker is an exceptionally brilliant man. Not only was he on the bench here for twenty-some years, he went off to run the State Court Administrator's Office and then he went on to become the president of the National Judicial Institute. I have the utmost faith that he made a correct ruling and that he certainly knows what the law is. He would appropriately apply the

law to the facts as he finds them to be. Without the transcript[1] I'm not able to do that. I'm certainly not in a position where I'm gonna go back and watch an eight hour video about what transpired at a trial.

I sort of -- not sort of, I do agree with [plaintiff's attorney], if [defendant] doesn't like the presentation arrangement that he and his attorney chose, that's certainly not the fault of [plaintiff]. And that doesn't mean that you get a second bite, so to speak, at the -- of the apple.

If you file an appeal as you're, you know, entitled to do, the worst that can happen is the Court of Appeals will send it back here for a new trial, but, you know, I was off for a significant period of time and have a very high comfort level with Judge Schmucker, and so I'm denying the motion on its merits and if you wish to appeal, good luck.

"We review for an abuse of discretion a trial court's denial of a motion for new trial." *Allard v State Farm Ins Co*, 271 Mich App 394, 406; 722 NW2d 268 (2006). "An abuse of discretion occurs when a court chooses an outcome that is outside the range of principled outcomes." *Heaton v Benton Const Co*, 286 Mich App 528, 548; 780 NW2d 618 (2009).

Our rules of civil procedure permit a party to move for a new trial under certain circumstances. As relevant here, MCR 2.611(A)(1)(f) provides that "[a] new trial may be granted" if a party's "substantial rights are materially affected" based on "[m]aterial evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial." By its plain language, an inquiry into whether a new trial is warranted under MCR 2.611(A)(1)(f) should, at the very least, consider whether the evidence is material, newly discovered, or could have been discovered and produced at trial with reasonable diligence. See, e.g., *Stallworth v Hazel*, 167 Mich App 345, 352-353; 421 NW2d 685 (1988) (considering whether evidence that the defendant "perjured himself" could have been discovered before trial with reasonable diligence); *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 499; 668 NW2d 402 (2003) (explaining that "the trial court's inquiry" under MCR 2.611(A)(1) should consider "the evidence presented"). If the evidence fails to satisfy any one of those inquiries, it would not warrant a new trial under MCR 2.611(A)(1)(f).

Instead of conducting even a minimal inquiry into whether the evidence that defendant presented satisfied the requirements for a new trial under MCR 2.611(A)(1)(f), the trial court denied defendant's motion because it believed that the judge that presided over the parties' hearing was capable of properly deciding the case. But neither Judge Schmucker's judicial qualifications nor Judge Rappleye's "high level of comfort with Judge Schmucker" are relevant

---

[1] A transcript was apparently attached to defendant's motion for a new trial, but plaintiff's counsel objected to Judge Rappleye considering the transcript because he had allegedly not seen it before the motion hearing. At any rate, Judge Rappleye did not believe that the transcript was "a complete transcript," and stated that "it really didn't go to what was contained within [defendant's] motion in detail anyway[.]"

considerations for whether defendant presented newly discovered evidence warranting a new trial. The trial court needed to review the substance of defendant's motion and decide whether it satisfied the requirements for a new trial under MCR 2.611(A)(1)(f). By refusing to do so and instead relying on irrelevant considerations, the trial court abused its discretion. On remand, the trial court should review the substance of defendant's motion and make a ruling on its merits.[2]

We also conclude that it was at least plausible that defendant's newly discovered evidence, if considered and found credible, could have impacted the trial court's marital property distribution and, therefore, required full consideration. "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). One or more of the insinuations of plaintiff's marital infidelity, undisclosed health issues, or deceitfulness, if borne out, could reasonably result not only in a different custody determination, but also in the trial court altering its decision that it was equitable to equally split the net equity of the marital home. See *Sparks v Sparks*, 440 Mich 141, 158; 485 NW2d 893 (1992) (recognizing "that fault remains one of the relevant factors in a property settlement"). On remand, if the trial court's marital property distribution determination remains unchanged, it should explain its rationale for using the date of entry of the final judgment as the operative date for appraisal purposes, rather than the date of the parties' separation or some other earlier date. See *Woodington v Shokoohi*, 288 Mich App 352, 364; 792 NW2d 63 (2010) (recognizing that "[t]he parties' manifestation of intent to lead separate lives, such as by filing a complaint for divorce or maintaining separate homes, can be of crucial significance when apportioning the marital estate").[3]

Reversed and remanded. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[2] We note that the Judge Rappleye's reasoning that defendant was attempting to have "a second bite . . . of the apple" is undeveloped and, thus, unpersuasive. If defendant's newly discovered evidence warrants a new trial under MCR 2.611(A)(1)(f), he is entitled to a new trial, regardless whether he was dissatisfied with "the presentation arrangement that he and his attorney chose[.]"

[3] We find it unnecessary to address defendant's custody-related arguments because the newly discovered evidence may affect the trial court's prior custody-related decisions. Nonetheless, we believe it incumbent on us to note that the trial judge that presided over the custody hearing informed the parties of the children's preference in violation of MCL 552.507a(2) ("The parties shall not be informed of the preference expressed by the child under . . . MCL 722.23."). We understand the difficulty that trial courts face in contentious cases, but trial judges must remain vigilant to uphold our Legislature's mandates and protect children—as much as possible—from possible fallout from these actions.